SOLOMON FRANK *vs.* ISAAC BENESCH.

*Right of Way—Interference—Question for the Jury.*

The owner of a right of way over an alley, cannot complain of the owner of the adjoining lot having the fee in the alley, for changing the position of a gate in the alley, erecting a wooden platform across the alley, and wainscoting the walls leading from the old entrance to the new gate, and thus narrowing the width of the alley an inch and a half, unless such acts interfere with the reasonable and convenient use and enjoyment of the alley way, and this is a question for the jury.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court. The verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, McSHERRY, and BRISCOE, J.

*D. Greenbaum,* for the appellant.

*Wm. Burns Trundle,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The plaintiff and defendant are owners of adjoining houses, and between the two houses there is an alley way, used in common by the respective owners, for the

Frank *vs.* Benesch.

purpose of ingress and egress to and from the back buildings and premises. The joists of the defendant's second story, run across the alley, and into the wall of the plaintiff's house, and to the extent of the width of the second story of defendant's house the alley is a covered way. At the time the plaintiff bought his house, and for more than twenty years prior thereto, there was a wooden gate at the entrance to the alley. This gate was taken down by the defendant, and a new gate put up, about five feet back from the entrance. He also put a wooden platform, about seven inches and a half high, across the alley, so that in going in and coming out the alley, persons were obliged to step on this platform. He also wainscoted the walls leading from the old entrance to the new gate, and thus narrowed the width of the alley an *inch and a half.* These acts on the part of the defendant, it is alleged, are an invasion of the plaintiff's legal rights, even though such acts may not in any manner *interfere with the reasonable and necessary use by him of the alley way.* The two houses originally belonged to the same person, under whom both the plaintiff and defendant claim. The right of way thus claimed by the plaintiff, being derived from a grant, the nature and extent of this right, must be governed by the terms of the grant itself. Now, by reference to the defendant's deed, the alley we find is entirely within his lines, and he is therefore the owner of the freehold.

The plaintiff's deed merely calls for the alley, which is described as being about two feet wide, with the privilege *of using the alley in common with the defendant.* The case, then, is one in which the defendant is *the owner of the alley* itself, and the plaintiff is the *owner of a right of way over it.* And, such being the case, we take the law to be well settled, that where a right of way is granted, in the absence of metes and bounds, or description of some kind, defining the width of the way, the *way owner*

is only entitled to *the necessary and reasonable use of the way for the purposes for which it was granted.* The plaintiff's right being then a *mere easement,* all other rights and benefits of ownership consistent with such easement, belong to the defendant as owner of the freehold.

And the obligation on the part of the defendant as such land owner, or servient owner, is that he shall not so contract the width of the alley, or obstruct it in any manner as to interfere with the necessary and reasonable use of it by the plaintiff as an alley way according to the terms of his grant. This is well settled by all the authorities. In *Hutton vs. Hamboro,* 2 *Fost. and Fin.,* 218, where an action of trespass was brought against the defendant, for taking up gate posts along a right of way, to the use of which he was entitled in common with the plaintiff, and the defendant set up as a defence that the gate posts were an interference with his right of way. COCKBURN, C. J., said : "The question is, whether, practically and substantially, the right of way can be exercised as conveniently as before, or whether the defendant has really lost anything by the alteration made by the former owner, and continued by the plaintiff. If you think that, for all practical and useful purposes, the way is the same as before, find for the plaintiff; if you think otherwise, find for the defendant." And then again, in *Clifford vs. Hoare, Law Rep.,* 9 *C. P.,* 362, in an action for obstructing a right of way, Lord COLERIDGE, C. J., said : "If this had been an absolute conveyance of a forty foot road, set out by metes and bounds, and a portion of it had been obstructed by the conveying party, no doubt an action might have been maintained for that trespass. But that is not this case, that which is granted, is a right of way, an easement over a road, the soil of which remains in the grantor. * * * We gather from the language of this deed that the intention was to grant the plaintiff an easement only,—the reason-

able use and enjoyment of an ascertained way." And so in *Hawkins vs. Carbines, and others,* 3 *Hurls. & Nor.,* 914, it was held that, where premises are demised or conveyed with a right of way thereto, it is a question for the jury what is a reasonable and necessary use of the way. We may also refer to the leading case of *Atkins vs. Bordman,* 2 *Metcalf,* 457, where the question is fully considered in an opinion by SHAW, C. J., and to *Baker vs. Frick,* 45 *Md.,* 340.

Now, in granting the plaintiff's second prayer, the question whether the acts on the part of the defendant interfered with *the reasonable and convenient use and enjoyment of the alley way* by the plaintiff, was fairly submitted to the jury. This, in fact, was the only question open for the determination of the jury, and, this being so, there was no error in refusing the several other prayers, offered by the plaintiff, nor in granting the prayers of the defendant.

*Judgment affirmed.*