HATCH BROS. COMPANY v. BLACK, ET AL.
(No. 884; Decided June 11th, 1917; 165 Pac. 518.)

HIGHWAYS—ACCEPTANCE OF GRANT OF RIGHT OF WAY—DEDICATION
OF LAND FOR USE—ACCEPTANCE OF USE SUFFICIENT TO ESTABLISH
HIGHWAY—QUESTION FOR JURY—PRINCIPAL AND AGENT—DECLARA-
TIONS OF AGENT ALONE INSUFFICIENT TO ESTABLISH ALLEGED
AGENCY—DAMAGES—MEASURE OF DAMAGES—INJURY TO CROP—
SUFFICIENCY OF EVIDENCE—INSTRUCTIONS AS TO MEASURE OF DAM-
AGES.

1. The continued use by the public of a road across unreserved
   public lands, for such length of time and under circum-
   stances as to clearly indicate an intention on the part of
   the public to accept a grant of right of way under the
   provisions of Revised Statutes U. S. 2477; U. S. C. S.
   1916, Section 4919, is sufficient to establish a public highway
   across such public lands without action by the public au-
   thorities.

2. Where maps of a government land survey made prior to
   1876, designated a road used by the public, which road has
   not since been closed or vacated by the County Commis-
   sioners and there was evidence of its continuous use by the
   public, such use was sufficient to establish a public highway,
   Compiled Laws 1876, Chapter 102, Section 1; Laws 1877, p.
   135; Laws 1886, Chapter 99, and Laws 1895, Chapter 69,
   Section 1, having recognized the right of the public to
   accept the grant of right of way over public lands pro-
   vided by federal laws without action of the public au-
   thorities.

3. Where a public highway is granted, it is not essential to
   establish the acceptance thereof, that the public use it for
   the ordinary prescriptive period, and time is material only
   as an element to be considered with the character of the
   use and the convenience of the public. (Commissioners v.
   Patrick, 18 Wyo. 130, 104 Pac. 531, 107 Pac. 748.)

4. Whether a grant of right of way for a public road had been
   accepted across unoccupied government land by the public
   prior to defendants' homestead entries, so as to establish
   the road as a public highway, which the public had a right
   to use and to have remain open and unobstructed, was a
   question for the jury to determine upon proper instruction.

5. Before statements or declarations of an alleged agent are
   competent and admissible in evidence against a principal,
   the alleged agency must be established. Agency cannot be
   established by the declarations of the alleged agent.

6. The measure of damages for injury to or destruction of
   crops, is the value of the crops in the condition they were
   in at the time and place of the injury or destruction. The
   amount of such damages is for the jury to determine from
   the facts proven, and not from the opinion of the parties
   or witnesses.

7. An instruction as to the measure of damages in an action for
   damages for trespass, is necessary to the correct assess-
   ment of damages.

ERROR to District Court, Uinta County; HON. JOHN R.
ARNOLD, Judge.

Action by the Hatch Bros. Company against Joseph
Black, et al., to restrain defendants from obstructing an
alleged highway and for damages. Defendants denied the
existence of a public highway and cross-petitioned for dam-
ages for trespass on their lands by plaintiff. From a judg-
ment awarding defendants damages, the plaintiff brings error.

*Payson W. Spaulding* and *Bagley & Ashton,* for plaintiff
in error.

The principal question involved in this appeal is whether
a road was established by the acceptance by the public of
a grant or right of way for highway across public land. The
section of the federal law providing the grant being Section
2477, Compiled Laws U. S. The court erred in refusing
instructions requested by plaintiff in error as to the effect of
said statute. The testimony of nine witnesses introduced by
plaintiff in error in the court below was to the effect that the
road had been used by the public for from fifteen to twenty-
five years. Instructions numbered 1 to 12, inclusive, re-
quested by plaintiff and refused by the court related to said
grant and acceptance, and the court erred in refusing to give
them; the state can assert no rights in government land
(Van Brocklin v. Anderson, 117 U. S. 151.) No particular
ceremony is necessary in the dedication of land for public
use. (Cincinnati v. White, 6 Peters, 431, 8 L. Ed. 452.)
Homestead entries made after the establishment of a road
across public land are subject thereto. (Wason Co. v. Town-
site Co., 21 L. D. 351; Pasadena Co. v. Schneider, 31 L. D.

.405.) Public use is sufficient. (Wallowa County v. Wade, 43 Ore. 253, 72 Pac. 793.) The case of Commrs. v. Patrick, 104 Pac. 531, 107 Pac. 748 (Wyo.), related to private lands and is not in point. It is not a matter of prescription, but of acceptance of a grant. (Okanogan County v. Cheetham, 80 Pac. 263, 13 Cyc. 465; Streeter v. Stalnaker, 85 N. W. 47; Van Wanning v. Deeter, 110 N. W. 703; Murray v. Butte, 14 Pac. 656; Sprague v. Stead, 139 Pac. 544; Butte v. Mikosowitz, 102 Pac. 593; Bequette v. Patterson, 37 Pac. 917; Montgomery v. Somers, 50 Ore. 260, 90 Pac. 675.) The case of Stofferin v. Okanogan County, 136 Pac. 484, relied on by defendants below is not in point on the facts, the lands there involved being a ceded portion of an Indian reservation. The Arizona court has followed the case of Montgomery v. Somers. (See Duffield v. Ashurst, 100 Pac. 821.) The court erred in denying plaintiff's motion for judgment on the pleadings, which presented a clear question of law governing the case. Defendants enclosed government land with their homestead entries, which was unlawful. (Canfield v. U. S., 42 L. Ed. 260; Hanley v. U. S., 186 Fed. 711; Lilis v. U. S., 190 Fed. 530; Thomas v. U. S. 136 Fed. 159.) Intent is not an ingredient of the offense. (Stoddard v. U. S., 214 Fed. 566; St. Anthony Co. v. McIlquiham, 83 Pac 364.) The evidence offered by defendants is vague and indefinite as to the nature of damages claimed and fails to disclose facts affirming a basis of appraisement for market value at the time of the alleged injuries. The measure of damages is the value of the crops at the time of the trespass. (Sutherland, 1023; Sedgwick, 937; Lester v. Highland Co., 27 Utah, 470; Teller v. Bay Co., 151 Calif. 209.) Speculative damages are not recoverable. (Lampley v. Atlantic Co., 41 S. E. 517; Watt v. Nevada Co., 46 Pac. 52.) Mere oral conclusions of witnesses as to the amount of damage is not sufficient to support a judgment for damages. (4 Ency. of Evi., p. 12; Hayes v. Windsor, 62 Pac. 395; Wichita Co. v. Kuhn, 17 Pac. 322; Dushane v. Benedict, 120 U. S. 810; Razzo v. Varni, 21 Pac. 762; Atchinson Co. v. Wilkinson, 39 Pac. 1043; Chicago Co. v. Muller, 25 Pac. 210.) The

ownership of property may not be established by hearsay evidence. (Suryaugh v. Butterfield, 140 Pac. 757; Jones on Evi. 297; Welsh v. Norton, 73 Ia. 721; State v. Evans, 33 W. Va. 417.) Nor by reputation. (Berniaud v. Beecher, 18 Pac. 598; State v. McGinnis, 108 Pac. 133; Wendell v. Abbott, 45 N. H. 349; Wallace v. R. Co., 59 N. Y. S. 651.) Special damages are not provable where not alleged. (5 Ency. Pl. & Pr. 719; Stevenson v. Smith, 108 Cal. 102; Treadwell v. Whittier, 13 Am. St. Rep. 175.)

*B. M. Ausherman,* for defendants in error.

This action was brought upon erroneous representations in the form of a drawing or sketch map of a proposed "Evanston Chalk Creek County Road" filed with the county clerk upon which no action was ever taken by the county authorities. The evidence showed that no money was ever expended in the establishment or repair of said road, or was said proposed road ever recognized as a public highway. The defense having established the imaginary and illegal character of plaintiff's contentions in seeking recovery for damage unlawfully and maliciously imposed upon them, plaintiff resorted to the doctrine of federal grant and acceptance and submitted an elaborate brief upon an entirely different theory from that upon which its case was brought in the first instance. Numerous authorities relating to different states are cited. Stofferin et ux v. Okanogan County, et al., 136 Pac. 484, when considered in connection with decisions of this court relative to the principle under consideration would seem to be controlling. In that case it appeared that the commissioners by resolution had accepted the terms of the federal grant, and the trial court entered judgment in support thereof. On appeal the Supreme Court of Washington in reversing the case held that the Act of Congress was a law rather than a conveyance and held that the grant remains in abeyance until a highway is established under some public law authorizing its establishment, that is when the road has been established on petition as prescribed by state law, or by prescription prior to the attaching of ad-

verse rights upon the lands over which the road passes; that the county acquired no vested interest until the road was established in some manner recognized by state law. Counsel for plaintiff in support of its contention that the federal grant is "in presenti" cite the case of Okanogan Co. v. Cheetham, 80 Pac. 263. But the Cheetham case is reviewed in the Stofferin case, where it is held to be an incorrect construction of the Act. The State of Washington attempted to enact a law accepting the grant, which law was considered in the case of Smith v. Mitchell, 58 Pac. 667, where it was held that public highways could be established under the federal grant only in the ways recognized by the laws of the state in which the land was located, to-wit: by prescription, dedication, user or proceedings under the statute. The same rule was established by the Supreme Court of Oregon in the case of Wallowa Co. v. Wade, 72 Pac. 794. Our statute relating to the establishment of roads was considered and carefully reviewed in the recent case of Board of Commissioners v. Patrick, 104 Pac. 531, 107 Pac. 748, and particularly at page 749 of the 107th Pac., denying a rehearing. The doctrine announced by this court, as we read it, is that in addition to the use of a road by the public, the assumption of control and jurisdiction over it by the county board, for the statutory period of limitation is necessary. The pleadings and evidence in the present case show no action on the part of the board of commissioners in the nature of an acceptance or dedication. In a later case the Supreme Court of Washington reaffirmed the doctrine that the establishment of a public highway in some manner provided by statute is necessary to constitute an acceptance of the congressional grant of a right of way across public land and perfect the grant, and that mere user short of the time necessary to establish title by adverse possession is not sufficient. (Volger v. Anderson, 9 L. R. A. N. S. 1223. See also note thereto and citing authorities.) The public use of land for highway cannot ripen into a prescriptive right, until the property is declared a public highway by the board of commissioners. (Barnard Realty Co. v. City of Butte, 136 Pac. 1064.)

Mere convenient use by sufferance of owners of land through which it passed will not establish a prescriptive right. (Fitts v. Pierce Co., 138 Pac. 885, 180 U. S. 92; 45 L. Ed. 440. See also the additional authorities on United States Statute, Sec. 2477, Vol. 6, Federal Statutes Annotated, 498. The establishment of roads is within the police power of the state. (Jones v. Brim, 165 U. S. 182, 41 L. Ed. 667.) Defendants substantiated by ample proof the allegations of their answer. Damages actually sustained, the nature of the damage and the parties causing it are all clearly established by the record.

*Payson W. Spaulding* and *Bagley & Ashton,* for plaintiff in error, in reply.

Counsel for defendants quote from the one case construing the federal statute, Stofferin v. Okanogan County, and quotes brief excerpts from Smith v. Mitchell, 58 Pac. 667; Wallowa Co. v. Wade, 72 Pac. 794; Volger v. Anderson, 89 Pac. 551, and Cross v. State, 41 So. 875. As to the cases cited, we find Jones v. Brim, a case deciding nothing pertinent to the question here, but relating to a statute fixing the liability of drovers for damages done by their herds to public highways. Dist. of Columbia v. Robinson decides that the mere use of private land for highway purposes is insufficient to constitute a road unless the use is adverse to the owner. Fitts v. Pierce County and Barnard Realty Co. v. Butte involve mixed questions of law and fact as to whether roads existed across private lands. Sheridan County v. Patrick we have already discussed. The other cases cited by defendant in error deal with the federal statutes. Cross v. State was a criminal prosecution for trespass decided upon a mistaken notion as to the character and effect of the federal grant. Volger v. Anderson holds that a continuous user of a road over the public lands will in time establish a highway if continued for the period of seven years. It presents the proposition that user for the prescriptive period is necessary notwithstanding the settled principle that no right to public lands can be acquired against the government by prescription or adverse possession. Wallowa Co. v. Wade

we discussed in our former brief. Smith v. Mitchell supports our contention. Stofferin v. Okanogan County involved lands of an Indian reservation, which did not come within the designation of public lands unreserved, and as the road had not been used for ten years after the reservation was open, no prescriptive right is attached prior to plaintiff's filing. It in effect holds that the Act of Congress accomplished nothing. Alabama and Washington cases fail to distinguish dedication from prescription; dedication is an appropriation of land for public use by the owner. (Bovier's Law Dictionary; Batonrouge v. Byrd, 21 La. Ann. 244.) The prescriptive title is acquired by use and time allowed by law. (Words & Phrases, 5521.) Prescriptive rights cannot be acquired against the government. (Jourdan v. Barrett, 4 How. 169; Frisbie v. Whitney, 9 Wall. 187; Burgess v. Gray, 16 How. 48; Sparks v. Pierce, 115 U. S. 408; Doe-Oaksmith v. Johnston, 92 U. S. 343; Morron v. Whitney, 95 U. S. 551.) The federal statute is a dedication of a right of way: (Montgomery v. Somers, 90 Pac. 675.) It is not a matter of prescription, but of acceptance of the grant. (Sprague v. Stead, 139 Pac. 544; Streeter v. Stalnaker, 85 N. W. 47; Wallowa Co. v. Wade, 72 Pac. 793; Murray v. Butte, 14 Pac. 656; Butte v. Mikosowitz, 102 Pac. 593.) An offer of deed may be accepted by the general public. (13 Cyc. 465; Hughes v. Veal (Kan.), 114 Pac. 1081; McRose v. Bottyer, 81 Cal. 122, 22 Pac. 393; Van Wanning v. Deeter, 110 N. W. 703; City v. Eaves (Ala.), 44 So. 588; Smith v. So. Iron & S. Co. (Ala.), 62 So. 766.)

BEARD, JUSTICE.

This action was brought by the plaintiff in error against the defendants in error to restrain defendants from obstructing an alleged highway, and for damages for preventing plaintiff from passing over said road with its sheep. Defendant denied that the road was a public highway, and filed a cross petition claiming damages for trespass on their lands by plaintiff. The case was tried to a jury, resulting in a verdict and judgment in favor of defendants and against

plaintiff for $916.04 and costs, from which judgment plaintiff brings error.

It appears that on April 27, 1912, defendant, Joseph A. Black, made a homestead entry on certain lands in section 24, township 13 north, range 121 west, in Uinta county; and that on July 30, 1912, defendant Joseph Black made a homestead entry on certain other lands in said section. That the road in question extended across a part of the said homestead entries of defendants, and extended a number of miles on either side of said lands. That in 1912 or 1913 defendants fenced their lands, and during the years 1912, 1913, 1914 and 1915, cultivated a part of said lands jointly and were equally interested in the crops raised thereon.

They alleged in their cross petition that during said years plaintiff had maliciously and repeatedly driven its sheep upon and across said land, injuring and destroying the crops of grain growing thereon to their damage in the sum of two thousand dollars, and claiming exemplary damages in the sum of twenty thousand dollars. Plaintiff replied, joining issue on the matters pleaded in the cross petition.

The plaintiff appears to have abandoned its claim for damages, and on the trial sought only to have defendants enjoined from obstructing the road and from preventing plaintiff free passage thereon across defendant's lands. The court denied an injunction and gave judgment as above stated.

Many rulings of the District Court are assigned as error, but they may be grouped and considered under a few heads. (1) Over the objection of plaintiff the court instructed the jury "that under the laws of the State of Wyoming, the only publicly traveled roads in Wyoming, not officially established, declared to be public highways, are those designated as highways on government maps or plats in the record of a land office of the United States in said State of Wyoming." And in the next paragraph of the instructions the jury was told that "there being no evidence to the effect that said road was established in some manner rec-

ognized by the laws of the state, the alleged trail or high-
way over and upon the homesteads of the defendants, is not
a regularly constituted public road or public highway and
cannot by you be so considered." The plaintiff in a number
of instructions, couched in different language, requested
the court to instruct the jury to the effect that by the Act of
Congress of July 26, 1866 (14 Stat. 253, C. 262, U. S.
Comp. St. 1916, Sec. 4919) the right of way for the con-
struction of highways over public lands, not reserved for
public use, was granted; and that such grant might be ac-
cepted by the public without action by the county authori-
ties, by the public generally traveling the same as a public
road, intending thereby to appropriate and use the same as
a public highway; and if the jury found from the evidence,
that the road in question had been so used by the public
for a great number of years prior to defendants' home-
stead entries, and while the same was public lands of the
United States, not reserved for public use, such use by the
public would constitute it a public highway, and the public
would have the right to travel the same without interrup-
tion or molestation on the part of defendants. The court
refused to so instruct, to which refusal plaintiff excepted.
The statute relied upon by plaintiff is Section 2477, U. S.
Statutes, 6 Fed. St. Annotated, p. 498; U. S. Comp. St.
1916, Sec. 4919. "The right of way for the construction of
highways over public lands, not reserved for public use, is
hereby granted." (Act of July 26, 1866.) The grant is
unconditional and contains no provision as to the manner of
its acceptance. We think it is quite well settled that when
land is granted for a right of way for a public highway, the
grant may be accepted by the public without action by the
public authorities. The continued use of the road by the
public for such a length of time and under such circum-
stances as to clearly indicate an intention on the part of the
public to accept the grant has generally been held sufficient.
More especially so if it is made to appear that to interrupt
the use would inconvenience the public. It must be borne
in mind that it is not a question of the establishment of a

highway by prescription which is here in question, but the acceptance of a grant; and therefore it does not depend so much on a definite length of time of use as upon the character of the use, taking into account the needs and convenience of the public, as manifesting an intention on its part to accept the grant. The Supreme Court of Colorado in Sprague v. Stead, 56 Colo. 538, 139 Pac. 544, after quoting the U. S. Statute, said: "This was an express dedication for a right of way for a road over the land belonging to the government not reserved for public use. The acceptance of such grant while the land was a part of the public domain may be effected by public use. An appropriation in this manner is made with the consent of the owner previously given, and when confined to a reasonably certain and definite line creates an easement for the purposes of a highway, and subsequent entrymen and claimants take such land subject to that easement." Citing Montgomery v. Somers, 50 Ore. 259, 90 Pac. 674; Murray v. City of Butte, 7 Mont. 61, 14 Pac. 656; McRose v. Bottyer, 81 Cal. 122, 22 Pac. 393; Bequette v. Patterson, 104 Cal. 282, 37 Pac. 917; Wallowa County v. Wade, 43 Ore. 253, 72 Pac. 793; Van Manning v. Deeter, 78 Neb. 284, 110 N. W. 703. (See also Okanogan County v. Cheetham, 37 Wash. 682, 80 Pac. 262, 70 L. R. A. 1027; Hughes v. Veal, et al., 84 Kan. 534, 114 Pac. 1081; Doyle v. Chattanooga, 128 Tenn. 433, 161 S. W. 997, Ann. Cases, 1915C, 283; Riley v. Buchanan, 116 Ky. 625, 76 S. W. 527, 63 L. R. A. 642, 3 Ann. Cases, 788, and notes.) By an Act of the Territorial Legislature approved December 9, 1869, Comp. Laws 1876, Ch. 102, Sec. 1, it was enacted that, "All roads within this territory shall be considered public highways, * * * * which have been, or shall hereafter be, used and traveled by the public, so that the same would, according to the course of the common law, be deemed public highways." Said Chapter 102 was amended in 1877 (S. L. 1877, p. 135) giving the board of county commissioners power to adopt and appropriate to county and public use any road or route publicly traveled, and when so adopted and appropriated was declared

to be a public or county road to all intents and purposes. By Ch. 99, S. L. 1886, said Chapter 102 as amended was repealed, and it enacted that "no county road shall be hereafter established * * * * except by authority of the county commissioners of the proper county. Provided, however, that nothing herein contained shall be construed to affect the validity of any act done or right accrued under and by virtue of the law hereby repealed." By Section 1, Chapter 69, S. L. 1895, all roads that were designated or marked as highways on government maps or plats in any land office of the United States, and which have been publicly used as traveled highways, and which have not been closed or vacated by order of the county commissioners, were declared to be public highways; thus recognizing as public highways roads which the government surveyors found to be traveled and used as such at the time of the survey, and without action by the county commissioners. The government survey of this land was shown to have been made prior to January 6, 1876. We discover nothing in these several statutes, as we understand them, prohibiting the public from accepting the grant of the right of way; but on the contrary, they appear to recognize that right.

The decisions are not harmonious as to the time the public use must continue to constitute an acceptance of the grant by the public. Some courts holding that it must be for the same length of time as would be necessary to acquire a right of way by prescription over privately owned lands, while others hold that the length of time of the user is not controlling and may be for a shorter period. The latter holding, we think, is supported by the better reasoning. Title or right by prescription implies adverse user; while we are here considering a case where the use is not adverse, but the appropriation and use of the land is with the consent and by an express grant of the owner. Time, therefore, becomes material only as an element to be taken into consideration together with the character of the use and the necessities or convenience of the public in determining the question of the acceptance of the grant. Counsel for de-

fendants cites and places much reliance upon the case of Commissioners v. Patrick, 18 Wyo. 130, 104 Pac. 531, 107 Pac. 748. But the court was there considering the question of the establishment of a highway over private lands by prescription, and the question of the federal grant was not involved in the case. In this case there was evidence introduced to the effect and tending to prove that the road in question had been traveled and used by the public as a public highway as early as 1875 or 1876, and from that time continuously until it was closed by defendants in 1912 or 1913. That those using the road had done considerable work thereon by making dugways, constructing bridges, etc., one witness testifying that he has spent about five hundred dollars on it about 1891. It was a question for the jury to determine, upon proper instructions, whether the grant of the right of way had been accepted by the public, prior to defendants' homestead entries, so as to establish the road as a public highway which the public had a right to use and to have remain open and unobstructed. Whether such an acceptance of the grant by the public would impose upon the county the burden of keeping the road in repair is not involved in the case, and has not been considered. We think the court erred in giving the instructions complained of, and in refusing to instruct, in substance, as requested by plaintiff.

2. Over the objection of plaintiff, the defendants were permitted to introduce evidence of statements made by persons in charge of certain of the sheep, claimed to have damaged the crops, as to whom the sheep belonged, and by whom such persons were employed, without other evidence of the agency of such persons than their declarations. That was error. Before statements or declarations of an alleged agent are competent and admissible in evidence against a principal, the agency must be established; and it is a familiar rule of evidence that agency cannot be established by the declarations of the alleged agent.

3. It is contended that there was no competent evidence of the amount of damages, if any, suffered by defendants.

The evidence consists of testimony that the crops for the years 1912, 1913 and 1915 were damaged. We fail to find any evidence of the value of the crops for 1912. For 1913 the defendant, Joseph Black, testified that he estimated the crop for that year at seven hundred bushels of grain, while on practically the same ground in 1914 they had 1,800 bushels; but there was no evidence of the value of the grain other than his statement that the damage to the crop was $500.00. For 1915 he testified that the damage to the grain was $700; that they had a good prospect for a crop. How a jury could arrive at the correct measure of damages from the evidence, we are unable to see. The measure of damages for injury to, or destruction of crops is the value of the crops in the condition they were in at the time and place of the injury or destruction. (Lester v. Highland Boy Gold Mining Co., 27 Utah, 470, 76 Pac. 341, 101 Am. St. Rep. 988, 1 A. & E. Ann. Cases, 761; Teller v. Bay and River Dredging Co., 151 Cal. 209, 90 Pac. 942, 12 L. R. A. N. S. 267, 12 A. & E. Ann. Cases, 779, and note.) The amount of such damages is for the jury to determine from the facts proven, and not from the opinion of the parties or witnesses. "The reason for this rule is that it is the province of the jury to estimate the damages upon the facts as shown by the evidence, and the only end accomplished by the admission of such opinions and conclusions is the substitution of witnesses for jurors and of theories for facts." (4 Enc. of Evidence, 12 et seq., and cases there cited.) As the judgment will have to be reversed and the case remanded for a new trial, it is proper to call attention to the fact that the jury was not instructed as to the measure of damages. Such instruction was necessary to a correct assessment of damages if any were awarded. Some other matters have been assigned as error, but we do not deem them important and they will not likely arise upon another trial.

For the reasons stated, the judgment of the District Court is reversed and the case remanded for a new trial.

Potter, C. J., concurs.                              *Reversed.*

Scott, J., did not participate in the decision.