[Civ. No. 2641. Second Appellate District.—September 10, 1918.]

## THE PEOPLE, Respondent, v. GEORGE C. POWER, Appellant.

STATUTE OF LIMITATIONS — APPEAL — AMENDED COMPLAINT — INSUFFICIENT RECORD.—Where the record on appeal from a judgment shows the date of the filing of an amended complaint, but not the time when the action was commenced, an appellate tribunal, not knowing when the original complaint was filed, cannot find error in the trial court's finding that the action is not barred by certain sections of the Code of Civil Procedure pleaded in the defendant's answer.

HIGHWAYS AND ROADS — OBSTRUCTION OF PUBLIC TRAVEL — EMBANKMENT CONSTRUCTED ON ROADWAY PUBLIC NUISANCE — ACTION TO ABATE — DISTRICT ATTORNEY'S AUTHORITY.—The district attorney has authority under section 4156 of the Political Code and sections 3479 and 3480 of the Civil Code to prosecute an action to abate a public nuisance caused by the construction and maintenance of an earthen embankment on a public highway.

ID.—PLEADING—COMPLAINT—DEMURRER FOR UNCERTAINTY.—In this action to abate, as a public nuisance, an embankment constructed on a highway, the trial court did not err in overruling a demurrer to the complaint for uncertainty, in not specifying the size, height, width, or particular location of the embankment nor in what manner the free passage and use in the customary manner of the land was obstructed by reason of the embankment, the appellate court deeming the complaint sufficiently clear and certain as to those matters, and the evidence in the record further showing that this part of the controversy was fully presented to the court at the trial, and that the defendant suffered no prejudice by reason of the claimed uncertainty.

ID.—CREATION OF PUBLIC HIGHWAY—DECLARATION OF BOARD OF SUPERVISORS—USER—PRESUMPTION OF DEDICATION.—Notwithstanding the provisions of certain statutes declaring what roads are to be considered public highways, a formal declaration by the board of supervisors is not, under all circumstances, essential to the creation of a public highway, since roads may become public highways without any formal or express dedication, by long uninterrupted use and general acquiescence, prescription, or implied dedication, which may be presumed from long and continued adverse use.

ID.—EVIDENCE—RANCH PATENTS.—Where, in an action to abate as a public nuisance an earthen embankment constructed on land alleged to be a public highway, the defendant's answer put in issue the existence of the highway and claimed ownership in the defendant

of the land on which the embankment was constructed, objections to ranch patents offered in evidence by the plaintiff were properly overruled, the patents being admissible for the purpose of showing adjoining ranch lines which were often referred to while the testimony was being received, and one of the patents being admissible as against the defendant, it having been issued to a predecessor in title under whom the defendant's title came into existence.

Id.—Findings Sustained.—The evidence in such case is examined and found sufficient to sustain the findings and judgment for the plaintiff.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial. Milton T. Farmer, Judge Presiding.

The facts are stated in the opinion of the court.

W. H. Barnes and Edward M. Selby, for Appellant.

Don G. Bowker, District Attorney, Robert M. Sheridan, and H. F. Orr, for Respondent.

CONREY, P. J.—Action to abate a nuisance, alleged to have been caused by the construction and maintenance of an earthen embankment on a public highway. The defendant appeals from the judgment and from an order denying his motion for a new trial.

The amended complaint contains allegations to the effect that the parcel of land therein described is now, and for more than forty-six years prior to the commencement of this action has been, used by the public for the purposes of travel thereon as and for a part of a certain public highway known as the "Old Conejo road"; that such use was continuous, notorious, and adverse to the claim or right of possession of the defendant and his predecessors in interest and with their knowledge; that in the month of April, 1908, the defendant without any right whatever erected and constructed, and continues to maintain, a certain earthen embankment upon and along and within the exterior boundaries of said parcel of land for a total length of 3,145 feet, more or less; that by reason of said embankment the free passage and use in the customary manner of said parcel of land has been and is obstructed, and said embankment interferes materially with the right of the public to travel over and along said parcel of land in the usual

and customary manner. The defendant's answer raised issues of fact as to the existence of the highway and separately as to the width thereof. Defendant did not deny that he constructed and maintained a certain earthen embankment upon, along, and within said parcel of land, but he denied that he did so without any right whatsoever or without full legal right.

In the fifth paragraph of his answer the defendant alleged that he is the owner of all portions of said strip of land which lie southwest of the center line thereof and of a large tract of land adjoining said strip on the southwest; that on the land so owned by him he has a lemon orchard and other valuable improvements; that in order to conduct water to his trees for irrigation he has constructed a ditch upon his land about parallel with the center line of said parcel of land described in the amended complaint and at all points distant more than thirty feet from said center line; that the northeast side or bank of said ditch extends upon the southwesterly portion of said parcel of land, but is at all points more than twenty feet distant from the center line thereof.

In its findings the court declared that the defendant constructed and maintained said earthen embankment within the limits of the parcel of land described, which land is a part of the highway as alleged by plaintiff, and that said embankment is located on the south or southerly portion thereof. As to the other statements above mentioned, as found in the fifth paragraph of the answer, there are no specific findings, but the evidence shows without conflict that they are true and we shall assume that they are true; this assumption being in harmony with the assumptions made by counsel in their briefs.

We are unable to find any error in the court's finding that the action is not barred by the provisions of certain sections of the Code of Civil Procedure pleaded in the defendant's answer. The amended complaint was filed April 30, 1914, but we do not know when the original complaint was filed. The record on appeal does not show the time when the action was commenced.

The district attorney was authorized to prosecute this action. (Pol. Code, sec. 4156; Civ. Code, secs. 3479, 3480.)

Appellant claims that the court erred in overruling his demurrer to the amended complaint. The points urged are,

that the complaint is uncertain because it does not specify
the size, the height, the width, or the particular location of
the alleged earthen embankment; and is further uncertain
because it did not show in what manner the free passage
and use in the customary manner of said parcel of land was
obstructed by reason of the said embankment. We think that
the complaint was sufficiently clear and certain as to these
matters. The answer of the defendant and the evidence as
produced at the trial further show that this part of the con-
troversy was fully presented to the court and that the de-
fendant suffered no prejudice by reason of the claimed un-
certainty in the complaint.

Appellant claims that the roadway in question in this ac-
tion has never become a public highway because it has never
been declared such by order of the board of supervisors. In
support of this the following statutory provisions are relied
upon: Section 1 of "An Act Concerning Roads and High-
ways," found in the Statutes of 1855 at page 192, reads as
follows: "All roads shall be considered as public highways
which are now used as such, and have been declared such by
order of the court of sessions or board of supervisors, or
which may be hereafter so declared by the board of super-
visors within their respective counties." Section 2619 of
the Political Code, which became effective on January 1,
1873, as originally enacted, read: "Roads laid out and re-
corded as highways, by order of the board of supervisors,
and all roads used as such for a period of five years, are
highways." In 1874 section 2619 was amended by striking
out the clause, "and all roads used as such for a period of
five years." Section 2621 of the Political Code, as enacted
in 1883, [Stats. 1883, p. 6], contained the provision that
"No route of travel used by one or more persons over an-
other's land, shall hereafter become a public road or byway
by use, or until so declared by the board of supervisors or
by dedication by the owner of the land affected." In addi-
tion to the foregoing statutory provisions quoted by appellant,
we should also take into account section 2618 of the Political
Code which, as enacted in 1872, read as follows: "Highways
are roads, streets, or alleys and bridges, laid out and erected
by the public, or if laid out or erected by others, dedicated
or abandoned to the public." And as re-enacted in 1883 and
still in force, reads as follows: "In all counties of this state

public highways are roads, streets, alleys, lanes, courts, places, trails, and bridges, laid out or erected as such by the public, or if laid out or erected by others, dedicated or abandoned to the public, or made such in actions for the partition of real property.''

Notwithstanding the statutory provisions above noted, it does not appear that a formal declaration by the board of supervisors has ever been held to be under all circumstances essential to the creation of a public highway. On the contrary, the supreme court, in *Hartley* v. *Vermillion,* 141 Cal. 339, 348, [74 Pac. 987, 991], stated the law as follows: ''It is a matter of common knowledge that many roads and highways in this state—starting, perhaps, first as mere trails—became public highways without any formal or express dedication, but by long uninterrupted use and general acquiescence. When, as in this case, the public, or such portion of the public as had occasion to use the road, traveled over the same, with full knowledge of the land owners interested, without asking or receiving any permission and without objection from anyone, for a period of time beyond that required by law to bar a right of action, a right in the public to the use of the road arises by prescription or implied dedication. (*Schwerdtle* v. *County of Placer,* 108 Cal. 589, [41 Pac. 448].) In the opinion in that case a large number of authorities are cited to the effect that a dedication is presumed from long and continued adverse use of a road or highway.''

Appellant next contends that the evidence does not justify the finding that the southerly ten feet of the sixty-foot strip is now or ever has been used by the public in general for the purposes of travel thereupon. Appellant's position is stated by his counsel as follows: ''He does not admit the existence of a public highway at all, but he does claim that if any public highway exists by reason of people having traveled along the strip of land, the width of such highway does not exceed forty feet, or twenty feet on each side of the center line. If so, the alleged embankment is not in the highway. . . . We are not, therefore, particularly concerned at this time as to the correctness of the findings of the court so far as they relate to the central forty feet of the strip, but are essentially interested in determining the character of the southerly ten feet of the sixty-foot strip. The findings of the court above

referred to relate to the entire width of the sixty-foot strip, and the inclusion of the southerly ten feet is essential to the support of the judgment." Our examination of the record of the testimony received at the trial satisfies us that there was evidence sufficient to support the court's findings not only as to the existence of the highway, but also as to the full width of said sixty feet thereof. This may be shown by reference to a very few items of the evidence. The witness, Flint, who has resided in Ventura County since May, 1863, stated that the property of the defendant is located on the south side of the Old Conejo road—what used to be the Conejo road, "and it is the same old road now." It must be admitted that there was some uncertainty in the testimony of this witness as to the location of the road. For instance, he says, "the present road is farther north than the Conejo road was, than the old road; I think about to where his house is, is the same, and from there I think it is a little farther south." He further said that it was just about the same old track all the time until they began to fence it up, and was about fifty or sixty feet wide, or possibly eighty feet. The witness, Frank B. Dennis, stated that he had been acquainted with the land now owned by defendant since 1860 or 1861, when the ranch was bought by Dixie Thompson; that in 1868 the Conejo road, from the Telegraph road to the Santa Clara River, ran about the same place it does at the present date; that it ran along the grant line between the San Miguel and the Santa Paula y Saticoy ranches. It may be noted at this point in explanation of the testimony that records were introduced in evidence which showed that defendant's property is in the Rancho San Miguel and in that part thereof adjoining the Rancho Santa Paula y Saticoy. The same witness said that, "at that time it was all open country, you might say, I guess—it was just simply a main traveled road. It was probably eighty or one hundred feet in width at those times, and it might have been less than that; it varied in width"; that a fence was placed along that road by Dixie Thompson in 1878 or 1879. D. D. De Nure testified that he became acquainted with the locality in question in 1869; that at that time they traveled on the same road that is there now. "It was just a common country highway. It never had been worked very much. Just an ordinary road as you would find anywhere in a new country; I believe they call it

the Conejo Road." "I have no clear idea now of where Mr. Power's east line is, unless it is along that road. I have seen a lemon orchard there, but I did not notice whether it came up to the road or not." "After this county was set off from Santa Barbara, then that road was worked just about as it is now; I think it was about 1874 that they commenced working, after they got the new county; then we had the road worked, and the road along that fence, along that Montalvo road, to my recollection, was worked up about as wide as it is now, about fifty or sixty feet wide; that was considerably wider than it had been before that time; that is, it was wider after they commenced to work it." The witness, J. L. Crane, knew this locality as early as 1862, and knew the Old Conejo road at that time. "I could not locate absolutely where that road run then, but practically it never seemed to me that there was any change there from then until now; there was only this change, of course, the road was never fenced or laid off on lines, went weaving, as it were, curved." "In 1862 and down to 1867 the road was varied in different widths; in some places it was 100 feet wide. In some places maybe it would not be over 60." He further stated that he is satisfied that the old road from 1868 to 1874, the general location of it, is surely the same as at the present time. The witness Barnes said: "I am perfectly familiar with the road now traveled along the property of Mr. Power, known as Old Conejo road; that road has been used and traveled as it is at present from 1881 up to the present time. It never could have been changed, because as I say, Mr. Mill's land was all fenced and the Thompson land was all fenced, it could not have been changed; there has been considerable travel along that road during these years. It is probably the most extensively traveled road in the county. Road work has been done off and on during that period of time." In this connection it should be remembered that Thompson was formerly the owner of property including the property of defendant.

Appellant further insists that certain of his objections to testimony offered by the plaintiff should have been sustained. We have examined that testimony and the objections offered, and are of the opinion that the court's rulings do not contain any errors of sufficient importance to warrant us in setting aside the judgment. The ranch patents were valuable and admissible for the purpose of showing the lines of ad-

joining ranchos, which lines were often referred to as the testimony was received; and the references to the Old Conejo road in the patent of Rancho San Miguel were admissible as against the defendant, since the patent was issued to a predecessor in title and under whom the defendant's title came into existence. The objections to certain questions on the ground that they were leading may be disposed of by observing that the answers show that the witnesses did not "lead." Assuming that the court erred in admitting in evidence certain field-notes and plat of a survey made by the witness, John A. Barry, we think that the defendant was not prejudiced seriously thereby, if at all. While the plat shows a width of sixty feet for the road, this witness testified that the portion occupied by travel did not exceed forty feet. The diagram simply showed a road, and while the field-notes indicated that the witness made the measurements as for a sixty-foot road, his admissions in testimony show that this was an arbitrary assumption. The documents should have been rejected, but they constitute a very insignificant portion of the evidence upon which the court made its findings as to the existence and width of the road. The court did not err in overruling the defendant's objections to certain proceedings in the matter of a petition for a road by Stevens and others. This referred to a proposed re-establishment of an important roadway intended to run partly by the route of the Old Conejo road. Defendant's predecessor, Thompson, filed a protest wherein he set forth reasons why the proposed road ought not to be established as a county road. This protest was sustained and the proceedings were abandoned. The protest as made by Thompson was dated December 16, 1870, and contained numerous references to "the old road." One of these statements was that "the old road was many years ago established by competent persons as the county road and money expended upon it by the state and county, making it a good, easy, safe and practicable road." This was an admission of fact concerning the existence of the road and was admissible in evidence as against the defendant.

The case as a whole was very fully presented and fairly tried and the court's findings are sufficiently sustained by the evidence.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.