## BISHOP v. HAWLEY*
### (No. 1228; August 11, 1925; 238 Pac. 284)

DEDICATION BY PUBLIC USER—APPEAL AND ERROR—BURDEN OF PROOF —FINDINGS—TRIAL—HIGHWAYS.

1. Grant of highway right of way over public lands by Rev. St. U. S. § 2477 (U. S. Comp. St. § 4919), is a ''dedication,'' effective on acceptance by construction of highway or establishment thereof by public user.

2. Where defendant did not appeal from judgment for plaintiff in action for obstruction of highway the effect of Laws 1919, c. 112 (Comp. St. 1920, § 2977), as amended by Laws 1921, c. 100, as to determination of roads necessary or important for public use by county commissioners, and conclusiveness of findings as to existence of highway, need not be considered on appeal by plaintiff, alleging error in findings as to width of highway.

3. Highway established by public user under grant of undefined easement over public lands by Rev. St. U. S. § 2477 (U. S. Comp. St. § 4919), must be only of reasonable width necessary for use of public generally by way of well-defined line of travel.

4. In action for damages by, abatement of, and injunction against, obstruction of highway established over public lands pursuant to grant of right of way by Rev. St. U. S § 2477 (U. S. Comp. St. § 4919), burden was on plaintiff to prove legal establishment of highway along definite line of travel for width claimed by him, by evidence sufficient to enable court to determine width reasonably necessary to carry out purpose of grant.

5. In absence of evidence, trial court's decision as to width of roadway reasonably necessary to carry out purpose of government grant of right of way by Rev. St. U. S. § 2477 (U. S. Comp. St. § 4919), cannot be disturbed, unless contrary to or unsupported by findings.

6. If findings admit of construction that will support judgment, such construction will be adopted rather than one that would render judgment erroneous.

7. Width of highway necessary for most convenient and advantageous trailing of sheep across unfenced lands is not conclusive on issue of width of highway, under grant of right of way by Rev. St. U. S. § 2477 (U. S. Comp. St. § 4919), unless such use was reasonable and necessary.

8.  To support judgment fixing width of highway established by public user over unfenced public lands under grant by Rev. St. U. S. § 2477 (U. S. Comp. St. § 4919), finding that highway "was and is of no greater width that 100 feet" must be *held* a conclusion of fact or finding on mixed question of law and fact sufficient to support decision as to width, in absence of finding requiring different conclusion, though consideration of questions of law was necessary to reach finding.

9.  That conclusion of fact or finding on mixed question of law and fact as to width of road comprehends conclusion of law is immaterial, in absence of request for separate findings of law and fact.

*See Headnotes (1) 18 C. J. pp. 56, 80, 82; (2) 4 C. J. p. 692; (3) 18 C. J. p. 113 (Anno) (4) 18 C. J. p. 93; (5) 4 C. J. p. 535; (6) 4 C. J. p. 787, 38 Cyc. p. 1966; (7) 18 C. J. p. 113 (Anno) (8) 38 Cyc. p. 1980; (9) 38 Cyc. p. 1962.

APPEAL from District Court, Natrona County; ROBERT R. ROSE, Judge.

Action by M. L. Bishop against Robt. D. Hawley for the abatement of a fence obstructing an alleged highway. From a judgment granting less than the relief prayed, plaintiff appeals.

*Marvin L. Bishop, Jr., John H. Casey* and *F. M. Perkins* for appellant.

The question involved is whether Sec. 2477 U. S. R. S., (U. S. C. S. Sec. 4919) permits a dedication by user of a road across the public domain of a greater width than 100 ft.; we assume that the term, "public," as used in the Act includes owners of live stock; the authorities have construed this Act of Congress as one permitting a degree of flexibility suitable to the needs of the using public; Yakima County v. Conrad (Wash.) 66 Pac. 411; Wallowa County v. Wade, 72 Pac. 794; McRose v. Battyer, 22 Pac. 393; Hamp v. Co., 172 Pac. 869; a width of 100 ft. would not meet the requirements of the public using the road for trailing stock.

*W. H. Patten* for respondent.

The establishment of a driveway for stock is a statutory remedy, and not a common law right; 2987 C. S. the claim for damages is remote; State v. Buckner, 98 Am. Dec. 83; Chap. 100, Laws 1921 limited the establishment of highways across the public domain, at any rate, until the County Commissioners have complied with the Act; see also 29 C. J. 627; Van Buskirk v. Bond, 96 Pac. 1103; only a well defined line of travel can be accepted by the public under the Act of Congress; 29 C. J. 373; Bayard v. Oil Co., 63 Pac. 614; People v. Alexander, 92 Pac. 202; Vol. 1. Elliott on Roads, page 225; the width cannot be broader than the use; the statutory or used width in the neighborhood is often adopted; Vol. 1. Elliott, page 222; 2987 C. S. Meservey v. Gulliford, 93 Pac. 780; 37 Cyc. 40; Whiteside v. Summers, 90 Pac. 674; the term, "public," as used in the Act means public generally and not a specific class like teachers, lawyers or trappers of the community; sheep and cattle men are a specific class; under the laws of Wyoming the width of highways is fixed at not less than 60 ft. nor more than 100 ft.; roads of this character should be confined to the statutory width.

KIMBALL, Justice.

M. L. Bishop, plaintiff and appellant, claiming that R. D. Hawley, defendant and respondent, had constructed and maintained a fence across a highway, brought this action for damages sustained by the obstruction of the highway, to abate the fence as a nuisance, and to enjoin the defendant from obstructing the highway in the future. The defendant was the owner of a homestead entered and patented under the public land laws. The fence enclosed the homestead across which the plaintiff claimed the highway had been established by use by the public before the entry of the homestead. The plaintiff alleged that the highway across defendant's lands was 500 feet in width. The defendant denied the existence of the highway. The case was tried without a jury. The

court found the issues in favor of the plaintiff, but held that the highway was only 100 feet wide instead of 500 feet as claimed by the plaintiff. The plaintiff appeals, alleging that upon the facts found the court's decision as to the width of the highway was error. That is the only question presented here.

The evidence has not been brought up, and there is nothing in the record to show that either party requested the court to state its conclusions of fact separately from its conclusions of law. The district court's decision, however, is evidenced by a "decree," which contains statements of conclusions of fact and law, but without any recitation to show that it was intended to state them separately. The following quotation from the decree contains all the conclusions that seem to have any bearing on the question of the width of the highway:

"That by Act of Congress of the United States, being known as Section 2477 Revised Statutes of the United States, U. S. C. S. 1916, Section 4919, the United States granted to the public the right to establish highways over, upon and across the unappropriated public domain;

"That the public accepted of said grant by user and established over and upon the unappropriated public lands of the United States, in Natrona County, Wyoming, a trail or highway, crossing the lands now owned by the defendant;

"That the said trail or highway was so established and used by the public generally, including sheep and cattle drovers, for their flocks and herds, as a highway, and was well known as such highway in the year A. D. 1885, and was so used as such highway, for a long time prior to said date, and continuously up to the present time, except when and where its use has been interrupted by fences of the defendant;

\* \* \* \* \*

"That the stockmen and sheep-growers, generally, were a part of the public of Natrona County, Wyoming, at all

times mentioned in the petition herein, and many of them used said highway continuously where it crossed and crosses over and upon the lands now owned by the defendant for more than thirty years before the defendant located on said lands, and while said lands were a part of the unappropriated public domain; *and the said stockmen and sheep-growers, in their said use of the said highway, in driving their sheep and cattle along said highway, customarily occupied on either side of the center of said highway a width of two hundred and fifty feet and frequently an eighth of a mile;*

"That for the purpose of trailing sheep through and in the County of Natrona and State of Wyoming a driveway of five hundred feet in width is and was at all times herein *necessary for the most convenient and advantageous trailing of sheep* in bands of such numbers as are usually maintained in said section of the State of Wyoming;

\*    \*    \*    \*    \*

"That the defendant herein took his homestead rights and made his entry on the lands now owned by him, and which are crossed by the said highway, subject to the right-of-way of the said highway, and subject to the said highway so established and acquired by the public generally and by the plaintiff herein, by user, under the Federal Grant mentioned; *but the court finds as a matter of law, that the width of the said highway so acquired must only be a reasonable width necessary for the use of the public generally and such width as was in contemplation by the Federal Legislature* at the time of the passage of the Act of 1866, referred to, *and was and is of no greater width than one hundred feet,* notwithstanding its use as aforesaid by cattle and sheep drovers and owners to a much greater width."

In quoting from the decree we have italicized the parts that are most important on the point presented by this appeal.

The act of Congress referred to in the decree (Sec. 2477 U. S. Rev. Stat. passed in 1866) provides that,—"The right of way for the construction of highways over public lands, not reserved for public use, is hereby granted." This act was considered in Hatch Bros. Co. v. Black, 25 Wyo. 109, 165 Pac. 518, and the same case on petition for rehearing, 25 Wyo. 416, 171 Pac. 267, where it was held that a right of way granted by this law may be accepted by the public by continued use of a road as a highway for such a length of time and under such circumstances as clearly to indicate an intention to accept the grant. As pointed out in that case, it is not a question of establishment of a highway by prescription or adverse user, but by acceptance of a grant. The grant by the federal government is considered a "dedication" which becomes effective on its acceptance, that is, when the highway is "constructed" or established by user by the public.

In 1919, after the decision of Hatch Bros. Co. v. Black, the legislature passed an act (c. 112, Laws 1919, Sec. 2977, C. S. 1920) making it the duty of the Boards of County Commissioners, prior to January 1, 1922, to determine what roads, not theretofore officially established and recorded, "are necessary or important for the public use as permanent roads, and to cause such roads to be recorded" etc., and declaring that "no other roads shall be highways unless and until lawfully established as such by official authority." By an amendment in 1921 the time for action by the Boards of County Commissioners was extended to January 1, 1924. Ch. 100, Laws 1921. This act is called to our attention by the brief of counsel for defendant, but we think we need not consider it for the purpose of our decision in this case. The defendant has not appealed, and we therefore deem it unnecessary to inquire whether the findings are sufficiently conclusive of the issue as to the existence of the highway, or would have supported a finding that there was no highway. The case, as it comes to us, requires an examination of the findings of the trial court for the purpose only of de-

termining whether the facts found fail to support the decision that the highway through defendant's lands is of the width of one hundred feet.

Hatch Bros. Co. v. Black presented no question as to the width of a highway established under the congressional grant by public travel and use, and we find the point discussed in no case from other jurisdictions except Montgomery v. Somers, 50 Ore. 259, 90 Pac: 674. In that case, as in the case at bar, the road or trail in question had been used by the public as a driveway for livestock. Although there was evidence to show that in driving livestock along the trail it was occupied at some points to a width of 75 yards or more, the trial court instructed the jury that,—"if the trail was a legal highway, then it must be considered a reasonable width for the convenient use of the public, not to exceed 60 feet." In holding that the instruction limiting the width of the highway was not reversible error, the court refers to the well-settled rule that the public cannot acquire a prescriptive right to pass over land generally but only by way of a certain well-defined line of travel, and then says, among other things, that:

"It would be unreasonable, however, to say that, where loose stock being driven travel promiscuously, although in a general uniform direction, over a strip of land 75 to 100 yards in width, the use is thereby confined to a certain and well-defined line of travel, and that a right of easement attaches to the whole width thereof, because the claim is broader than the reasonable necessity of the case."

And, in conclusion, that:

"While an entryman takes subject to a previously established public easement, such as the one in question, and he may not obstruct or shift it, or interfere with it to the detriment of the public, yet such easement must necessarily be confined to a reasonable width; but, where an unreasonable

width has been attempted to be appropriated, no right of the public has been enroached upon, if, in inclosing his land, and entryman leaves a reasonably sufficient width of the traveled track open for the use of the public.''

From the cases concerning the width or height of rights of way arising from private grant, we find that it is a general principle that where such an easement is granted, but not defined, the privilege must be a reasonable one for the purpose for which it was created. Jones on Easements, Sec. 367; Atkins v. Bordman, 2 Metc. (Mass.) 457, 467, 37 Am. Dec. 100; Frank vs. Benesch, 74 Md. 58, 21 A. 550, 28 Am. St. Rep. 237; Grafton v. Moir, 130 N. Y. 465, 471, 29 N. E. 974, 27 Am. St. Rep. 533; Wiley v. Ball, 72 W. Va. 685, 70 S. E. 659.

Practically the same rule is applied to determine the width of highways established by prescription or adverse user. The right of way for such a road ''carries with it such a width as is reasonably necessary for the public easement of travel.'' Whitesides v. Green, 13 Utah 341, 44 Pac. 1032; Hamp v. Pend Oreille County, 102 Wash. 184, 172 Pac. 869 L. R. A. 1918 E. 400; Yakima County v. Conrad, 26 Wash. 155, 66 Pac. 411; Meservey v. Gulliford, 14 Ida. 133, 93 Pac. 780.

We think, therefore, that the trial judge was right when he declared ''as a matter of law'' that the width of the highway in the case at bar ''must only be a reasonable width necessary for the use of the public generally.'' That declaration is not affected by the further statement that it must be ''such width as was in contemplation by the Federal Legislature at the time of the passage of the act of 1866,'' for we think we may safely assume that congress intended by said act to grant only rights of way reasonably necessary for the use of the general public.

In the light of this correct conclusion of law as to the width of the road, we shall now see whether there was any finding of fact to establish that the road in question was more than 100 feet wide.

The burden of proof was on the plaintiff. It was incumbent on him to prove that the highway had been legally established along a definite line of travel. The evidence should be sufficient to enable the trial court to determine the width of roadway reasonably necessary to carry out the purpose of the grant. In the absence of the evidence, the trial court's decision of that point cannot be disturbed unless it be contrary to, or unsupported by, the findings. We cannot assume the existence of any facts that would contradict the facts found. If the findings admit of a construction that will support the judgment, that construction will be adopted rather than a different one that would render the judgment erroneous. Jack v. Hudnell, 25 Oh. St. 255, 18 Am. Rep. 298.

The decree recites that stockmen, in driving their sheep and cattle along said highway, customarily occupied on either side of the center of the highway a width of 250 feet and frequently an eighth of a mile; that is, that cattle and sheep, being so driven, customarily occupied a width of 500 feet, and frequently a quarter of a mile. This, of course, was when the land was unfenced. The nature of the travel by herds of cattle and sheep was probably no different than in any other instance where stock are being driven along an unfenced road across public lands. There is no reason for confining them to a definite line of travel. It is only necessary to see that they keep moving in the proper direction. The court further declared that a driveway of 500 feet was "necessary for the *most convenient and advantageous* trailing of sheep" in bands of such numbers as are usually maintained in that locality. No doubt it would be most convenient and advantageous for the stockman to be permitted to continue to trail his stock in the manner above described, but the court refrained from finding that such a use and occupancy of defendant's lands was reasonably necessary. What was necessary for the most convenient and advantageous trailing of sheep, and what was occupied for that purpose across unfenced lands is not conclusive on the

issue of the width of the highway, unless that use was reasonable and necessary. The court not only refrained from finding that a road 500 feet wide was reasonably necessary, but in the last quoted paragraph of the decree states the conclusion that the highway "was and is of no greater width than one hundred feet." This seems to us to be the only finding as to the reasonable width of the highway across defendant's homestead. The plaintiff argues that this is a conclusion of law, but we think, to support the judgment, we must hold it to be a conclusion of fact, or a finding on a mixed question of law and fact, which, in the absence of any finding requiring a different conclusion, must be accepted as sufficient to support the decision as to the width of the highway where it crosses defendant's lands. That in order to reach the finding as to the width of the road, a consideration of questions of law was necessary, would not change its character as a conclusion of fact. And if it comprehends also a conclusion of law, that is not material, in the absence of a request for separate findings of law and fact. Ramsey v. Johnson, 7 Wyo. 392, 52 Pac. 1084.

As we find nothing in the decree to contradict the trial court's finding as to the width of the road, the judgment will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.