87 P.2d 683

**WILSON et al. v. WILLIAMS.**

**No. 4440.**

Supreme Court of New Mexico.

Jan. 31, 1939.

Rehearing Denied March 8, 1939.

E. G. Shannon, of Las Cruces, for appellant.

Sherman & Sherman, of Deming, for appellees.

MABRY, Justice.

This is a suit for injunction brought by Adam Wilson and Son and Mrs. Adam Wilson against defendant John Williams, the purpose being to enjoin and restrain defendant from obstructing a certain trail or road claimed to have become a public road by prescription, through long public use for public road purposes.

It is from a judgment granting an injunction against such obstruction that this appeal is taken.

The parties will be given here the designations they bore below, viz.: Plaintiffs and Defendant.

The one question involved here is whether or not it was in fact a public road which defendant was charged with obstructing. In determining whether or not this was a public road, the court was called upon to settle the following controverted points: (a) Has the road been in regular use for the period of time required to give title by prescription? (b) Is the present road the same as the one which witness referred to as the old established road of thirty-five years use? That is to say, has there been no material change in location and route? (c) This being upon partially open and uninclosed, or at least semi-inclosed land, is there a legal presumption that the use for road purposes is permissive, and if so, is this presumption overcome by the proof?

The land over which the alleged road in question was established and maintained was public land. Defendant came into possession of his land by homestead in 1931. The rule which applies to prescriptive right of easement for public roads upon public lands controls here.

Plaintiffs claim and show by substantial evidence and the court so finds, that the road was at all times located as it now is; that it was in continuous use for a period of thirty-five years prior to the time of the suit and everybody recognized and used the same as a public road of the community. Plaintiffs urge that it makes no difference as to the character of the land, whether public or private, whether the land be open or inclosed; that under any theory they have established by proof a roadway by prescriptive right.

It is a little difficult to understand from the assignment of errors and the manner in which appellant presents his case here, just what position he takes in his attacks upon the findings and judgment of the court. He reviews the testimony of most, if not all the witnesses in the case as if to weigh and reconsider the evidence. This, an appellate court does not do. If there be substantial evidence to sustain the findings they remain undisturbed. This is elementary.

An examination of the testimony discloses, it is true, a rather unsatisfactory case in support of the proposition that the entire road and for its full length, was along a well defined and unchanged course and had so remained for years.

But, there is ample evidence to support the claim of plaintiffs and the findings of the court that the road at the point in question, and through the underpass, was and had been well defined as a passage way and that there had been no material change in its course or location for the period of time necessary to be established.

 We held in Hester v. Sawyers, 41 N.M. 497; 71 P.2d 646, 112 A.L.R. 536, in support of the general rule, that [page 650]: "A prescriptive right is obtained by use alone and does not depend upon any statute. It is founded upon the presumption of a grant, though there may never have been one."

We held further here that if the user was open, adverse, notorious, peaceable and uninterrupted, "The owner is charged with knowledge of such user, and acquiescence in it is implied." And further, it was there decided that in conformity with the rule in England, and with few exceptions in the United States, that the period of use for acquiring such prescriptive rights, corresponds to the local statute of limitation for acquiring title to land by adverse possession. This period is ten years.

In the above case a distinction was made as to the acquisition of such title upon privately owned inclosed lands and those open and uninclosed.

But, in addition to pointing out, as we did in the case of Hester v. Sawyers, that as to open and uninclosed land there generally should be a presumption that the use was permissive, we quoted with approval also authority for the statement that: "Cases might and do arise where those using a private way over uninclosed lands may, by their conduct, openly and notoriously pursued, apprise the owner that they are claiming the way as of right and thus make their possession adverse."

This distinction does not become important here, since we are dealing now with the prescriptive right that accrued and ripened into title, if at all, upon open public lands of the United States while they retained that character.

We are then interested here in the rule as it applies to public domain. The right and title of defendant to the land in question came through homestead. The court found, and with evidence to support, that the prescriptive right of user of the roadway arose and matured long prior to the time defendant acquired title to the land in question.

 It seems well settled by the majority holding that under Federal statute and decision, to establish a highway upon public domain no particular time is necessary for use, nor is an acceptance of use or dedication by public authority generally a necessary requisite. Hatch Bros. Co. v. Black, 25 Wyo. 109, 165 P. 518.

 However, since we have heretofore held (Hester v. Sawyers, supra) that the time required to establish such easement by prescription in New Mexico is ten years, and corresponds to the length

of time required to establish title by adverse possession, the time element is thus settled.

Section 2477 of the United States Revised Statutes, 43 U.S.C.A. § 932, reads: "* * * The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

█ There is no particular method required or recognized as the proper one for the establishment of highways under this grant. Generally the construction of a highway or establishment thereof by public user is sufficient. Bishop v. Hawley, 33 Wyo. 271, 238 P. 284; Smith v. Mitchell, 21 Wash. 536, 58 P. 667, 75 Am.St. Rep. 878.

█ Public use is sufficient to constitute dedication. People v. Power, 38 Cal.App. 181, 175 P. 803; Borders v. Glenn, Mo.App., 232 S.W. 1062; Montgomery v. Somers, 50 Or. 259, 90 P. 674; Bishop v. Hawley, 33 Wyo. 271, 238 P. 284.

"A settler upon the public lands of the general government, upon which there is a road in common and general use as a highway, takes subject to the public easement of a right of way on such road, although the same was never established by the public authorities under the general road laws of the state." Van Wanning v. Deeter, 78 Neb. 282, 110 N.W. 703; 29 C.J. 387.

Finding no error, the judgment is affirmed, and it is so ordered.

BICKLEY, C. J., and ZINN and SADLER, JJ., concur.

BRICE, J., did not participate.