[No. 12086.    Department One. — August 31, 1887.]

W. W. CROSS, ADMINISTRATOR ETC. OF T. W. SIGOUR-
NEY, DECEASED, APPELLANT, *v.* EUREKA LAKE
AND YUBA CANAL COMPANY. M. ZELLER-
BACH ET AL., SUBSTITUTED DEFENDANTS, RESPOND-
ENTS.

PLEDGE — SHARES OF STOCK — ADVERSE POSSESSION BY PLEDGOR — STAT-
UTE OF LIMITATIONS. — A pledgee of shares of the capital stock of a
corporation has a right to retain their possession until the debt to se-
cure which they were pledged is satisfied; and while so holding, he
cannot claim them adversely, and thereby acquire a title under the stat-
ute of limitations.
ID. — LEGAL TITLE REMAINS IN PLEDGOR. — Upon the pledge of shares of
the capital stock of a corporation as security for a debt, the legal title
thereto, as between the pledgor and pledgee, remains in the former.
ID. — ACTION FOR DIVIDENDS — ASSIGNMENT OF SHARES — JUDGMENT. —
The action was brought by the pledgee of shares of the capital stock of
a corporation, against the latter, to recover certain dividends which had
accrued upon the stock. The corporation paid the money into court,
and had the pledgor, the original owner of the stock, and a person to
whom it had been assigned, substituted as defendants. Upon the trial,
it appearing that the debt to secure which the stock was pledged had
been satisfied, judgment was rendered with the consent of the pledgor in
favor of the assignee for the entire amount of the dividends. *Held*, that
the plaintiff had no interest in the money, and could not question the
correctness of the judgment in so far as it awarded to the assignee the
dividends which accrued prior to the assignment.

APPEAL from a judgment of the Superior Court of
Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Freeman, Bates & Rankin*, and *H. V. Reardan*, for Ap-
pellant.

*R. H. Taylor, E. H. Gaylord, T. M. Osment*, and *Taylor
& Craig*, for Respondents.

BELCHER, C. C. — The plaintiff, as administrator of the
estate of T. W. Sigourney, deceased, brought this action
against the Eureka Lake and Yuba Canal Company, a

corporation, to recover the sum of fifteen thousand dollars for dividends alleged to have been declared by the company after December 1, 1878, upon 750 shares of its capital stock, owned by the estate of Sigourney.

The complaint was filed on the 14th of June, 1884, and thereafter, under the provisions of section 386 of the Code of Civil Procedure, the company paid the money into court, and James Reid and M. Zellerbach were substituted as defendants. Reid and Zellerbach filed an answer to the complaint, in which they denied that on the first day of January, 1867, or at any other time, Sigourney was, or until his death continued to be, the owner of the stock; and they averred that in pursuance of a certain written agreement, made by and between Sigourney and Zellerbach, on the twenty-third day of August, 1865, the stock was deposited in the hands of John Parrott, who delivered it to Sigourney, and that Zellerbach became entitled to receive back the stock before Sigourney's death, and was thereafter entitled to receive the same from his estate and from the plaintiff as the administrator of the estate; that subsequently, on or about the seventh day of January, 1881, Zellerbach sold, assigned, and transferred all his interest in the stock, and the proceeds thereof, and all dividends accrued or to accrue thereon, to Reid, and that Reid then became and ever since has been the owner of the stock, and entitled to receive all dividends declared thereon. The plaintiff filed an answer to "that part and those allegations of the pleading filed herein by the said Reid and Zellerbach, the interpleaders, upon which they base their claim to affirmative relief, and to the funds and moneys sought to be recovered by plaintiff in this action," in which he denied each and all of the facts set up by the interpleaders.

The case was afterwards tried by the court without a jury, and findings of fact were filed as follows:—

"3. In 1866 Zellerbach deposited with one John Par-

rott 1,250 shares of the stock of said corporation as security for the payment of two promissory notes made by him, Zellerbach, to said T. W. Sigourney, one note for forty thousand dollars, and one for ten thousand dollars. Afterwards Zellerbach deposited with said Parrott the 750 shares above mentioned, as additional security for said notes.

"4. During the time said 1,250 shares and 750 shares were in the hands of Parrott, said Zellerbach voted them at the meetings of the corporation, and received to his own use all the dividends thereon.

"5. On the twentieth day of April, A. D. 1881, plaintiff, as administrator of the estate of T. W. Sigourney, deceased, filed a supplemental complaint in the Superior Court of Nevada County, in the action commenced by said Sigourney, July 1, 1864, in the District Court for said county. In said supplemental complaint the said forty-thousand-dollar and ten-thousand-dollar notes were sued on. In said action a judgment and decree was rendered, under which the 1,250 shares were sold, and realized a sum sufficient to satisfy said notes, together with all interest thereon, and all costs of the action, and costs and expenses of sale, leaving the said 750 shares the property of Zellerbach, free and clear of any charge or encumbrance. The said Reid was not a party to said action. Zellerbach continued to be the owner of the stock until January 7, 1881.

"6. On the seventh day of January, A. D. 1881, said Zellerbach assigned to said Reid the said 750 shares of stock, and also all and singular his claim and demand against the estate of T. W. Signourney, deceased, for the said stock or the value thereof. At that date said Reid became and still is the owner of said 750 shares of stock.

"7. There is no evidence to show when the dividends, amounting to said sum of fifteen thousand dollars, were declared, except that they were declared since December 1, 1878.

"8. The said fifteen thousand dollars is deposited and remains in this court to abide the decision of this action."

Upon these findings, judgment was entered in favor of Reid "for the sum of fifteen thousand dollars, the amount in controversy between him and the plaintiff," and directing that the said sum be paid to him out of the money deposited in court in the action.

The plaintiff then moved for a new trial, and his motion being denied, appealed from the judgment and order.

It is now claimed for appellant that the clause, "afterward Zellerbach deposited with Parrott the 750 shares above mentioned as additional security for said notes," found in finding 3, and the clauses, "leaving the said 750 shares the property of Zellerbach, free and clear of any charge or encumbrance," and "Zellerbach continued to be the owner of the stock until January 7, 1881," found in finding 5, and the clause, "at that date said Reid became and still is the owner of said 750 shares of stock," found in finding 6, are not supported by but are contrary to the evidence.

This is said to be so, because, — 1. It appears from the evidence that the 750 shares were deposited to secure Sigourney for a balance due him upon a previous transaction, in which Zellerbach had settled with him in greenbacks, and had agreed to pay the difference between greenbacks and gold, that difference being $15,500; and 2. The plaintiff and his intestate had held the stock, claiming it adversely to Zellerbach, for a time more than sufficient to give them title to it under the statute of limitations.

As to the evidence, it is sufficient to say that there was a substantial conflict between that produced by plaintiff and defendants. The defendants' evidence fully supports the findings, and they cannot, therefore, be set aside for the reason urged. And as to the claim

of title under the statute of limitations, the answer is, that if the stock was in fact pledged, as the court found it to have been, then Sigourney had a right to retain it until the debt for which it was pledged was satisfied. But that debt was not fully satisfied until the judgment of this court, affirming the judgment of the lower court in *Cross* v. *Zellerbach and Eureka Lake and Yuba Canal Company, Consolidated,* No. 9,796, was entered. The case is not reported, but the record here shows that the judgment of affirmance was entered on the thirtieth day of November, 1885. It is evident, therefore, that while Sigourney held the stock as additional security for the forty-thousand-dollar and ten-thousand-dollar notes, and had a right to so hold it, he could not assert that he held it adversely, and thereby acquire a right to it under the statute.

It is also claimed that when the certificate for the 750 shares was issued to Sigourney, he became the owner of the legal title to the stock, and that that title must prevail here, this being a mere action at law. This claim cannot be maintained. Sigourney was only the pledgee of the stock, and as between him and the pledgor the general property remained in the latter. (Civ. Code, sec. 2888; *Dewey* v. *Bowman,* 8 Cal. 151; *Brewster* v. *Hartley,* 37 Cal. 25.) And when the debt to secure which the pledge was given was paid, the lien was extinguished. Beside, this is not an action to recover the stock, but dividends declared upon the stock, in which the plaintiff has no interest.

The point is made that the assignment of the stock to Reid did not carry antecedently accrued dividends, and that as the court did not find that the dividends in question were declared subsequent to the time of that assignment, Reid was not entitled to them. There might be something in this point if Reid was seeking to recover the dividends from the plaintiff or the estate of Sigourney. In that event, the plaintiff could probably resist

payment until a full and complete right to the money was established in the party claiming it.  But that is not the case.  Here the money is in the court, and both parties are actors in seeking to obtain it.  The plaintiff, as has been shown, has no interest in the money; and whether it should be paid over to Reid or Zellerbach is a matter that does not concern him.  Zellerbach united with Reid in asking for the judgment rendered, and if it be conceded to be wrong, the plaintiff cannot be heard to complain of it.

Several other points are made, but they do not require special notice.

The judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.