PAULY v. STATE LOAN & TRUST CO.

(Circuit Court of Appeals, Ninth Circuit. November 14, 1893.)

No. 137.

NATIONAL BANKS — INSOLVENCY — STATUTORY LIABILITY OF STOCKHOLDERS— PLEDGEE OF SHARES.

A corporation which holds certain shares of stock in a national bank as collateral security for a loan, and is carried on the registry of the bank as the holder of such stock "as pledgee," is not subject, on the bank's insolvency, to the statutory liability of a stockholder.

In Error to the Circuit Court of the United States for the Southern District of California.

At Law. Action by Frederick N. Pauly, as receiver of the California National Bank of San Diego, against the State Loan & Trust Company, a corporation, to recover an assessment upon 200 shares of the stock of said bank held by defendant. Findings and judgment of the circuit court for defendant. 56 Fed. 430. Plaintiff brings error. Affirmed.

M. T. Allen, for plaintiff in error.
W. P. Gardiner, for defendant in error.

Before McKENNA, Circuit Judge, and HANFORD, District Judge.

HANFORD, District Judge. The opinion of the judge who decided this case in the circuit court contains the following accurate and concise statement of the case, and of the question at issue:

"The plaintiff, as receiver of an insolvent national bank, brings this suit against the defendant bank to recover the amount of an assessment on two hundred shares of the stock of an insolvent bank originally taken by the defendant as collateral security for $12,500, with interest thereon, loaned by defendant to J. W. Collins and S. G. Havermale upon that security,

and upon the promissory note of Havermale, indorsed by Collins. At the time of the loan, Collins was president, and Havermale one of the directors, of the California National Bank of San Diego, and each was registered owner and holder of one hundred shares of its stock. The bank was then carrying on its ordinary business, and, so far as known to the defendant and the public, was perfectly solvent. Upon the making of the loan, and for the purpose of securing its repayment with interest, Collins and Havermale each indorsed in blank his certificate for one hundred shares of the stock in question to defendant, and thereupon, and upon the application of the defendant to the bank whose stock was thus represented and assigned, that bank took up the two certificates issued to Collins and Havermale, and in lieu of them issued to the 'State Loan & Trust Co. of Los Angeles, as pledgee,' two certificates for one hundred shares each.

"The defendant thus stood upon the registry of the National bank as the holder of two hundred shares of its stock 'as pledgee,' and so stood at the time the bank became insolvent. The indebtedness to defendant for which the stock was given as security, though reduced in amount to $10,000, continued; and the question presented for decision is whether, under such circumstances, defendant is liable for an assessment upon the two hundred shares of stock for the benefit of the creditors of the insolvent bank. The statute providing for the association of persons for carrying on the business of banking, provides among other things, as follows: 'The capital stock of each association shall be divided into shares of one hundred dollars each, and be deemed personal property and transferable on the books of the association in such manner as may be prescribed in the by-laws or articles of association. Every person becoming a shareholder by such transfer shall, in proportion to his shares, succeed to all rights and liabilities of the prior holder of such shares; and no change shall be made in the articles of association by which the rights, remedies, or security of the existing creditors of the association shall be impaired.' Rev. St. § 5139. By section 5151 of the Revised Statutes it is declared: 'The shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof in addition to the amount invested in such shares,'—with certain exceptions not applicable to the present case. Section 5152 is as follows: 'Persons holding stock as executors, administrators, guardians or trustees, shall not be personally subject to any liabilities as stockholders, but the estates and funds in their hands shall be liable in like manner, and to the same extent as the testator, intestate, ward, or person interested in such trust funds, would be if living, and competent to act and hold the stock in his own name.'" 56 Fed. 430.

The circuit court gave a judgment in favor of the defendant, and the plaintiff has brought the case to this court by writ of error.

The decision of the circuit court, as appears by said opinion, was placed upon the ground that the defendant was not in fact owner of the stock, and, as the stock register showed that it held the same merely as pledgee, there was no estoppel. Counsel for plaintiff in error controverts these conclusions, contending that a pledgee of stock is the legal owner thereof; that the register, by showing the defendant to be the holder as pledgee, showed it to be the legal owner, having the legal rights, and subject to all the legal liabilities, incident to ownership.

We think, however, that the error is in the argument of counsel, rather than in the decision of the court. By delivery of a pledge as security for the payment of a debt, the pledgee acquires only a lien or special property in the article or things pledged. Story, Bailm. §§ 287, 307; 18 Amer. & Eng. Enc. Law, 590. Even where, in lieu of delivery, an apparent transfer of title is made for the purpose

merely of security, the general property remains in the pledgor. 18 Amer. & Eng. Enc. Law, 591, note; Cross v. Canal Co., 73 Cal. 302, 14 Pac. 885. True, in the opinion of the supreme court of the United States, by Mr. Justice Matthews, in Easton v. Bank, 127 U. S. 532, 8 Sup. Ct. 1297, it is said that, "where personal property is pledged, the pledgee acquires the legal title and the possession." From the report of the case, it does not appear whether the point was argued, or the authorities referred to. Considering the facts of that case, it is certainly a question whether or not the one brief sentence quoted has wrought a radical change in the law. But, if so, still we must hold that in California the law is as we have stated. That rule is adopted by express provisions of the Code. Civil Code Cal. §§ 2872, 2877, 2888, 2889; Cross v. Canal Co., supra.

The judgment should be affirmed, for the reasons given in the opinion above referred to, and it is so ordered.