[Civ. No. 1980.    Second Appellate District.—June 7, 1916.]

F. W. HUNT, Appellant, v. ANDREW GLASSELL, Respondent.

PLEADING—AMENDMENT—SAME CAUSE OF ACTION—STATUTE OF LIMITA-
TIONS.—If the cause of action stated in an amended complaint is a
new and totally different one from that stated in the original com-
plaint, the amendment does not relate back to the beginning of the
action so as to stop the running of the statute of limitations; but if
the amendment is one which merely corrects a defective or erroneous
pleading of the same cause of action, the amendment will relate back
to the filing of the original complaint.

ID.— PROMISSORY  NOTE — PLEADING — AMENDED  COMPLAINTS — SAME
CAUSE OF ACTION.—In an action on a promissory note, where the
original complaint demanded judgment upon a certain promissory

note for a certain sum with a certain date and payable one year after date, an amended complaint was afterward filed setting forth a note of the same date and amount as before and in like terms, except that it read ten months after date instead of one year, and omitted the provision for interest contained in the note set out in the original complaint, and a second amended complaint alleged the execution of the note in the same terms as the note set out in the first amended complaint, and alleged further facts showing that at the time of the commencement of the action plaintiff was unable to see the note or obtain a copy thereof, and was obliged to rely upon his recollection of its terms, but that he had seen the note about the date it was made, and alleging that there was but one note for the amount claimed made by the defendant at the date alleged, and that the note sued on in the second amended complaint was the same incorrectly set out in the original complaint; *held*, that the cause of action set out in all the complaints was the same, and the second amended complaint related back to the time of the filing of the action so as to stop the running of the statute of limitations.

ID.—PLEDGE OF NOTE—PAYMENT OF PRINCIPAL DEBT—LIABILITY FOR BALANCE OF PLEDGED NOTE.—Where the maker of a promissory note secures possession of it from one to whom it is pledged, with his knowledge, to secure payment of a smaller note, by paying only the amount of the claim of the pledgee therein, leaving a balance unsatisfied on the larger note, the owner of the note is entitled to recover against him for the unpaid balance.

ID.—PLEDGE OF PROMISSORY NOTE—RIGHT OF PLEDGEE.—A pledged promissory note is not property subject to sale by the pledgee; he has only the right to collect it when due, and, under the circumstances, no transaction could take place between the maker of the larger note and the pledgee which would put the maker in any better position with respect to the pledged note than that of the pledgee, where the general property of the note still remains in the payee.

ID.—SETTLEMENT OF CLAIM SECURED BY PLEDGE—WHEN PLEDGOR NOT BOUND.—The contention that, because an action by the pledgee of the promissory note to recover upon it was against the pledgor as well as the maker of the note, and the second amended complaint in this action on the pledged note alleges that, after answer filed, the defendant "settled the said cause of action by then and there paying to said plaintiff in said action" an amount about equal to the principal of the note secured by the pledge, the inference follows that the settlement was made with the pledgor as well as with the pledgee, and the pledgor consented to the surrender of the note to the maker, cannot be maintained, where it is further alleged that the payment was made on the note secured by the pledge and to settle all claim that the pledgee had as security.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Murphey & Poplin, for Appellant.

J. E. Hannon, for Respondent.

CONREY, P. J.—By his original complaint in this action, filed on December 15, 1911, the plaintiff, as successor in right to Duquesne Brewing Company, a corporation, demanded judgment upon a certain promissory note for the sum of ten thousand dollars, dated September 25, 1907, and payable one year after date. On June 3, 1913, the plaintiff filed an amended complaint setting forth a note of same date and amount as before and in like terms, except that it read "ten months after date" instead of one year after date, and omitted the provision for interest contained in the note set out in the original complaint. A demurrer to the amended complaint having been sustained, the plaintiff, on the thirty-first day of July, 1913, filed his second amended complaint, and therein alleged the execution of a note in the same terms as the note set out in the first amended complaint. The second amended complaint states facts showing that at the time of commencement of this action the plaintiff was unable to see the note or obtain a copy thereof, and was obliged to rely upon his recollection of its terms, plaintiff having seen the note at about the date it was made; alleging also that there was but one ten thousand dollar note made by defendant to Duquesne Brewing Company of date September 25, 1907, and that the note sued on herein, as shown in the second amended complaint, is the same note sued on and by mistake incorrectly set out in the original complaint.

The second amended complaint further shows that during the year 1909 the Duquesne Brewing Company made and delivered to A. K. Martel a note for two thousand five hundred dollars, which note was afterward sold by Martel to Fidelity Investment Company, a corporation; that when the two thousand five hundred dollar note became due the Duquesne Brewing Company, in consideration of forbearance of the holder of that note, pledged to Fidelity Investment Company the Glassell note of ten thousand dollars as collateral security for said Martel note; that on June 24, 1909, the

Fidelity Investment Company commenced an action on the ten thousand dollar note against Glassell and Duquesne Brewing Company, and Glassell, as defendant in that action, filed an answer and the case was set down for trial; that prior to any trial being had therein, and on or about May 10, 1910, "said defendant, Andrew Glassell, settled the said cause of action by then and there paying to said plaintiff in said action about the sum of twenty-five hundred dollars"; that said payment was made as a payment on said ten thousand dollar note and to settle and pay all claim and demand that Fidelity Investment Company had in or to said ten thousand dollar note as security for the payment of said Martel note; that thereupon Fidelity Investment Company, plaintiff in that action, transferred and delivered to Andrew Glassell, defendant therein, both of said notes, and ever since that time he has been in possession and control of the same; that Glassell at and prior to the time he made said settlement knew that said ten thousand dollar note made by him to Duquesne Brewing Company was held as collateral security for the Martel note and for no other purpose; and well knew that the only interest that Fidelity Investment Company had in the ten thousand dollar note was to the extent of two thousand five hundred dollars, with interest on said smaller sum; that the defendant Glassell received said note in trust for the Duquesne Brewing Company and has held the same in trust for the use and benefit of the Duquesne Brewing Company and its assigns ever since that time.

On October 5, 1909, Duquesne Brewing Company was adjudged a bankrupt. Thereafter, after proceedings duly had as recited in the second amended complaint herein, the trustee in bankruptcy of the said bankrupt's estate, duly authorized therefor, sold at public auction certain assets of the estate, including said ten thousand dollar note and the plaintiff, F. W. Hunt, became the purchaser thereof. That the sale having been duly approved and confirmed, the trustee assigned and transferred to plaintiff all right, title, and interest of the estate of Duquesne Brewing Company in and to said note. The plaintiff has demanded from defendant that defendant surrender possession to him of the note, and also has demanded payment of said note by defendant to the plaintiff, all of which has been refused.

The defendant demurred to the second amended complaint upon the grounds that it did not state facts sufficient to constitute a cause of action against the defendant, and upon the further ground that the cause of action as shown upon the face of the complaint appears to be barred by the provisions of section 337 of the Code of Civil Procedure. That demurrer having been sustained, judgment was entered in favor of the defendant, and this appeal is by the plaintiff from that judgment. The appeal is presented upon the judgment-roll and a bill of exceptions.

If the cause of action stated in the present complaint is a new and totally different cause of action from that stated in the original complaint, the amendment does not relate back to the beginning of the action so as to stop the running of the statute of limitations. *Lambert* v. *McKenzie*, 135 Cal. 100, [67 Pac. 6], is one of many decisions declaring the rule. But if the amendment be one which merely corrects a defective or erroneous pleading of the same cause of action, the amendment will relate back to the filing of the original complaint. (*Redington* v. *Cornwell*, 90 Cal. 49, [27 Pac. 40]; *Union Lumber Co.* v. *J. W. Schouten & Co.*, 25 Cal. App. 80, [142 Pac. 910].) The facts contained in the present record, and which in substance we have stated, are sufficient to show that in this action the plaintiff at all times has been seeking to recover judgment upon one and the same note, and that there has been no change in identity of the subject matter constituting his cause of action. It follows that the second amended complaint was not subject to demurrer under the claim that it was barred by limitations.

Appellant claims that according to the allegations of his complaint it is shown that the defendant, well knowing that Fidelity Investment Company held the Glassell note in its possession solely as a pledge securing the smaller note which we have called the Martel note, obtained possession of both notes by paying to the pledgee an amount not more than sufficient to satisfy the pledgee's interest therein; the amount so paid being only a fractional part of the indebtedness due from him to the pledgor of the larger note. If the settlement so made by Glassell was with the pledgee and under the circumstances to which we have referred, it must be that a balance remains due and unsatisfied on the Glassell note, and that such balance is due to the plaintiff as successor to

Duquesne Brewing Company. The pledged note was not property subject to sale by the pledgee; he had only the right to collect it when due. (Civ. Code, sec. 3006.) Under the circumstances here appearing, no transaction could take place between Glassell and the pledgee which would put Glassell into any better position with respect to the pledged note than that of Fidelity Investment Company which held it in pledge. The general property in the note still remained in the payee, Duquesne Brewing Company. (*Cross* v. *Eureka Lake etc. Canal Co.*, 73 Cal. 302, 306, [2 Am. St. Rep. 808, 14 Pac. 885]; *Cushing* v. *Building Assn.*, 165 Cal. 731, 737, [134 Pac. 324].)

In support of his claim that the second amended complaint does not state a cause of action, respondent's counsel argues that the demurrer should be sustained because it is shown that the action commenced by Fidelity Investment Company was against the pledgor, Duquesne Brewing Company, as well as against Glassell; and that since it is alleged that after the answer had been filed by Glassell, the defendant "settled the said cause of action by then and there paying to said plaintiff in said action about the sum of twenty-five hundred dollars," this is sufficient to raise the inference that the settlement was made with the pledgor as well as with the pledgee, and that the pledgor consented to the surrender of the note. On examining the complaint we find it further alleged that the payment by Glassell was made as a payment on the Duquesne Brewing Company's note and to settle and pay all claim and demand that the pledgee had therein as security for the payment of the Martel note. It is not made to appear that Duquesne Brewing Company had appeared in the action or in any manner participated in the settlement. Indeed, the settlement was made after the adjudication of bankruptcy. The court should not by a strained construction attempt to supply the allegation of a fact not stated in a complaint in order to hold that the complaint does not state a cause of action. Assuming that we might give full effect to the rule supported by authorities cited by respondent, that a compromise made with the consent of the pledgor is binding upon him, and therefore upon subsequent assignees of the pledgor, we think that such rule is not properly applicable to the complaint now under consideration.

We are of the opinion that the demurrer to the second amended complaint in this action should be overruled, and for that reason the judgment is reversed, with directions to the court below to proceed accordingly.

James, J., and Shaw, J., concurred.