## MINGS v. HERING et al.

[No. 2383.   Sept. 3, 1920.]

[On Motion for Rehearing, Nov. 29, 1920.]

### SYLLABUS BY THE COURT.

1.   Chapter 62, Laws 1901, regulating property rights of husband and wife, not having conferred power upon surviving husband to sell community real-estate to pay community debts, no such power exists.          P. 428

2.   Statutes in force in this jurisdiction, regulating property rights of husband and wife, were patterned after the civil law of Spain and Mexico, and the court will look to the civil law for the purpose of interpreting and expounding the statutes; but the provisions of the civil law on the subject, not incorporated into the statutes, are not in force in this jurisdiction.          P. 428

On Motion for Rehearing.

3.   Plaintiff's claim, on his appeal from a judgment in his favor foreclosing a mortgage only against certain interests in the realty, that the mortgagor's children received the benefit of money loaned on the mortgage, and hence were estopped to question its validity, could not be raised, where the proof did not support the plea of estoppel, and where no trial ruling thereon was invoked, and no finding was requested, or any objection taken to a refusal to find thereon.   P. 430

Appeal from District Court, Eddy County: Richardson, Judge.

Action by J. C. Mings against Andrew M. Hall to foreclose a mortgage, etc., with intervention by Sudie Hall Hering and others. Judgment for plaintiff, foreclosing the mortgage on only certain interests in the realty, and he appeals. Affirmed.

J. H. JACKSON, of Artesia, and REID, HERVEY & IDEN, of Roswell, for appellant.

Hall was authorized to encumber the real estate to pay community debts.

Crary v. Field, 9 N. M. 222; Oaks v. West, 64 S. W. 1033; Cruse v. Barclay, 70 S. W. 358; Linson v. Poindexter, 80 S. W. 237; Rippy v. Harlow, 10 S. W. 851; Ruedas v. O'Shea, 27 S. W. 891; Wiener v. Zweib, 114 S. W. 771; Horn v. O'Connell, 144 S. W. 1048; Richmond v. Sims, 144 S. W. 1142; Morse v. Nibbs, 150 S. W. 776; Pyle v. Pyle, 159 S. W. 869; Morgan v. Lomas, 159 . W. 869; Crawford v. Gibson, 203 S. W. 375; Stone v. Jackson, 210 S. W. 953; Wood v. Colley, 143 S. W. 257; Barkley v. Sonte, 195 S. W. 925.

Appellees are estopped to deny the lien of appellant's mortgage.

10 R. C. L. 788; 14 R. C. L. 220; United States Investment Corporation v. Ulrickson, 84 Minn. 14, 87 A. S. R. 326; Hobbs v. Railway Company, 122 Ala. 602, 82 A. S. R. 103.

J. B. ATKESON, of Artesia, for appellees.

Guardian, Hall, was not authorized, under the law, to borrow money and incumber the property of his ward for the purpose of benefiting and improving it.

Sections 2567 and 2686 of the Codification 1915; Hellier v. Syck, 145 S. W. 1110 (Ky.); Little v. West, 89 S. E. 682 (Ga.); Pevehouse v. Adams, 153 Pac. 65 (Okl.); Daniel v. Tolon, 157 Pac. 756; Ex parte Tipton, 185 S. W. 798 (Ark.); Dickey v. Sweeney, 85 S. E. 766 (Ga.); Tierny Coal Co. v. Smith, 205 S. W. 951 (Ky.); Guardian v. Nunnerly, 201 S. W. 976 (Ky.).

OPINION OF THE COURT.

ROBERTS, J. This action was instituted in the court below by appellant against Andrew M. Hall for the purpose of foreclosing a mortgage, given by the said

Hall on October 23, 1911, on certain real estate in Eddy county N. M., to secure payment of a promissory note for the sum of $3,500. The appellees intervened in the court below, setting up the fact that the real estate in question was community property, owned by the said Hall and his wife at the time of her death in the year 1904; that interveners were the children of Hall and his wife, and as such, under chapter 62, Laws 1901, were the owners in fee simple of a three-eights interest in the land.

The case was tried in the court below on the theory that the surviving husband had the power to sell community property for the purpose of paying the debts of the community without taking out letters of administratration. The court found, in effect, that there were no community debts, and rendered judgment foreclosing the mortgage upon a five-eighths interest in the real estate, and refused foreclosure as to the interest of the children.

Appellant has appealed from this decree, and contends that the evidence shows there was community indebtedness, and that, assuming the evidence did not so show, the burden was upon the appellees to show that there was no community indebtedness; these two propositions being based upon and supported by the case of Crary v. Field, 9 N. M. 222, 50 Pac. 342. That case was decided while section 1365, C. L. 1884, was in full force and effect. This statute was originally a part of the Kearney's Code, and was repealed in 1891 (chapter 68).

[1, 2] We will not discuss the question as to whether the finding of the court was sustained by the evidence, because under the law the judgment of the court was correct, regardless of the question as to whether there was or was not community indebtedness. Since chapter 62, Laws 1901, was enacted, the surviving husband has had no power to sell community real estate, as such survivor, for the purpose of paying the debts of the community. Under that act, upon the death of the wife,

title to three-fourths of the interest of the wife in the real estate, which is an undivided one-half interest, passes to her children, and can only be divested for the purpose of paying debts by proper proceedings under the law regulating the administration and settlement of the decedent's estate. The act of 1901 confers no such power on the surviving husband to sell community real estate for the purpose of paying community debts, hence no such power exists. In the case of Beals v. Ares, 25 N. M. 459, 185 Pac. 780, this court held that the statutes in force in this jurisdiction, regulating property rights of husband and wife were patterned after the civil law of Spain and Mexico, and that the court would look to the civil law for the purpose of interpreting and expounding the statutes, but that the provisions of the civil law on the subject, not incorporated into the statutes, are not in force in this jurisdiction. This being true, if we assume that under the civil law the surviving husband had the power to sell community property for the purpose of paying community debts (but which is vigorously denied by McKay on Community Property, § 444), he would not have such power under our present statute, because it is not by statute conferred upon him.

The judgment of the lower court being the only one that could be correctly entered under the law, it will be affirmed; and is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.

On Motion for Rehearing.

ROBERTS, J. In the motion for rehearing filed it is asserted that estoppel as against the heirs of Mrs. Andrew M. Hall was pleaded, and was overruled by the court and assigned as error, and that in the original opinion this court failed to discuss the question. We did not consider it, because we understood that it was urged only in connection with the proposition that under the Spanish law, on the death of the wife, where children survived, a new community was created, of which the surviving husband was manager. This point was disposed of in the original opinion.

[**3**] It is now urged that the children received the benefit of the money loaned the father, to secure which the mortgage was executed, and that they should be estopped to question the validity of the mortgage. There are two answers to the point urged: (1) The proof does not support the plea of estoppel; and (2) a ruling of the trial court upon the question was not invoked. No finding was made by the court on the question of estoppel, nor was a finding requested, or objection interposed to the failure of the court to consider the question. The question not having been raised in the court below, it will not be considered here. Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294.

The motion for rehearing will be denied; and, it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.