## BEZEMEK v. BALDUINI

### SYLLABUS BY THE COURT

(1)    A motion for judgment by the plaintiff at the close of defendant's testimony in a case tried by the court, which, as in this case, calls for a declaration of law from the court, is in the nature of a demurrer to the evidence. P. 125

(2)    The submission to the trial court of requested findings of fact on the evidence adduced is a waiver under the circumstances of this case of the objection that the court could only pass upon the legal sufficiency of appellant's evidence, and could not pass upon the weight of the evidence, nor make findings of fact.    P. 126

(3)    Questions, points, issues, and matters not jurisdictional, not raised, presented, or passed upon below, are not reviewable on appeal.    P. 126

(4)    The testimony of a witness that defendant's agent had made certain statements subsequent to the transaction, and after the agency had terminated, was properly excluded on the grounds that it was both hearsay testimony and not a part of the res gestæ.    P. 127

(5)    The objection to a question to the defendant who had signed a contract of sale as to whether or not she knew what the contract contained prior to its being read to her

is properly sustained when the witness had previously testified to the fact sought to be elicited by the question, and the evidence, if received, would have been merely cumulative.                                                                    P. 128

(6)   Requested findings diametrically opposed to those which support the judgment are properly refused.    P. 128

Appeal from District  Court,  Bernalillo  County; Hickey, Judge.

Action by James Bezemek against Julia Catelani de Balduini. Judgment for the plaintiff, and the defendant appeals. Affirmed.

Simms & Botts, of Albuquerque, and Catron & Catron, of Santa Fé, for appellant.

A. B. McMillen and Laurence F. Lee, both of Albuquerque, for appellee.

## OPINION OF THE COURT

RAYNOLDS, C. J.  This case was brought for the specific performance of a certain contract to sell real estate.  The plaintiff relied upon a written contract signed by the defendant and her agent.  The defendant pleaded fraud in the procurement of said contract. Upon trial of the issue plaintiff offered in evidence the written contract and rested.  Defendant then placed various witnesses upon the stand to prove the allegations in her answer.  At the close of the defendant's evidence the plaintiff moved the court for judgment, which motion was sustained, and judgment entered for the plaintiff, from which the defendant appeals to this court.

[1]  Appellant assigns many errors in regard to the exclusion of certain evidence and the refusal of the court to make findings of fact, but relies principally as a ground for reversal upon the action of the trial court in granting plaintiff's motion for judgment at the close of the defendant's case.  The motion was as follows:

"Mr. McMillen:  Not waiving the right to proceed further if the court should rule against the plaintiff, plaintiff at the close of defendant's evidence moves the court for judgment

in favor of the plaintiff for the reason that the defendant has shown no evidence sufficient to break the written contract, or to account for or give an excuse for breaking a contract which she had signed."

Appellant contends that such a motion was in the nature of a demurrer to the evidence, the reservation therein limiting the court at that time to pass upon the question only as to whether or not the defendant had made a prima facie case. In support of his contention he cites the case of Union Bank v. Mandeville, 25 N. M. 387, 183 Pac. 394.

In our former opinion in this case we held that the above motion was by its terms a motion for judgment, and called for the judgment of the court upon the case at that stage of the proceedings; that the reservation in the motion did not change the nature of the motion for judgment, nor limit its scope. Since handing down the original opinion our attention has been called in the motion for rehearing to the above case, Union Bank v. Mandeville, 25 N. M. 387, 183 Pac. 394, in which it is expressly held that a motion for judgment, although in terms a motion for judgment, when it calls for a declaration of law from the court is a demurrer to the evidence. Appellant urges that the same rule applies in this case; that the execution of the contract in question was admitted; that the defendant pleaded confession and avoidance, as to which the burden of proof was upon her; that at the close of her testimony a motion for judgment such as was made here was no more than a demurrer to the evidence, and the trial court could not weigh the evidence adduced or find the facts. Under the Mandeville Case, supra, we think the position of the appellant is well taken, and that such motion as was here made, although by its terms one for judgment, was in effect no more than a demurrer to the evidence, asking a ruling from the court in a matter of law as to the sufficiency of the evidence to sustain defendant's plea or defense in confession and avoidance.

[2, 3] Appellant, however, cannot avail herself in this court of the erroneous action of the trial judge.

She not only failed to raise the point below, and object to the action of the trial judge, but by her request for findings of fact in her favor on evidence adduced, waived any right to take advantage of such erroneous action. At no time was the point raised below that the trial court could not weigh the evidence and find the facts. The trial court refused the findings of the appellant and made those requested by the appellee. No opportunity was given the trial court to pass upon the question as to the effect of the motion for judgment which we are now considering, and the appellant raises the proposition for the first time in this court. It has been often decided that questions, points, issues, and matters which are not jurisdictional, not raised, presented, or passed upon below, are not reviewable on appeal. Palmer v. Farmington, 25 N. M. 145, 159 Pac. 227; Prichard v. Fulmer, 25 N. M. 452, 455, 184 Pac. 529; Sandoval v. Unknown Heirs, 25 N. M. 536, 539, 185 Pac. 282; Kelley v. La Cueva Ranch Co., 25 N. M. 674, 678, 187 Pac. 547; Alvarado, M & M. Co. v. Warnock, 25 N. M. 694, 701, 187 Pac. 542; Murphy v. Hall, 26 N. M. 270, 274, 191 Pac. 438; Mings v. Herring, 26 N. M. 425 429 193 Pac. 497; State v. Lindsey, 26 N. M. 526, 532, 194 Pac. 877.

[4] Appellant assigns as error the sustaining of an objection to a question asked of the witness Luigi Viviani as follows:

"Q. Now, what did you say to Joe Vaio, if anything, when he came in?

"Mr. McMillen: I object to that as incompetent and immaterial.

"Mr. Simms: By this conversation we propose to show that Joe Vaio, a few days after having consummated this sale, admitted in the presence of this man that Mrs. Balduini thought she was selling the chicken ranch, but he put all the Viviani ranch in, and that the paper covered it all, while she thought she was selling the chicken ranch only.

"Mr. McMillen: I object further on the ground it is an attempt to vary the terms of a written contract already signed, and for the further reason that any admission of Vaio's in regard to the contract is incompetent evidence against the plaintiff. And I make the further objection that

it is an attempt to introduce hearsay evidence for the pur-
pose of proving fraud, and not to contradict a witness.
  "The Court:   Objection sustained."

. We believe the ruling of the court was proper for
the reason as stated by counsel for appellee in his
objection, that it was hearsay, and for the further rea-
son, as shown by the statement of counsel for the
appellant, that the agency was shown to be terminated
and that the statements so made were not a part of the
res gestae.   Jones on Evidence, § 255; 1 Ency. of Ev.
540.

[5] Appellant further assigns as error the action
of the court in sustaining an objection to a question to
the defendant as to whether or not she knew what the
contract contained prior to its being read to her.   We
do not consider his assignment well taken.   The error,
if any, was harmless, and the evidence would have been
only cumulative, as the witness had previously testified
on cross-examination that she had had the contract
read to her a day after signing it, and that the contract
she thought she was signing was for the sale of the
chicken ranch only.   The court had before it from other
evidence in the case the fact that she did not know
what the contract contained when she signed it.

[6] As to the assignments of error in the court's
refusing to make the findings requested by the defend-
ant it is sufficient to say that they were diametrically
opposed to the findings which the court had made for
the plaintiff in support of his judgment and if the
latter findings for the plaintiff were correct, it was not
error to refuse those requested by the defendant.

Finding no error in the record the judgment of the
trial court is affirmed; and it is so ordered.

PARKER J., concurs.

DAVIS, J., did not participate.