131 P.2d 269

**HENDERSON v. TEXAS–NEW MEXICO PIPE LINE CO. et al.**

No. 4723.

Supreme Court of New Mexico.

Oct. 13, 1942.

base sediment in an improperly ventilated oil storage tank on appellee's property in Lea County, and that as a result he has become totally and permanently disabled. He claims to have been injured on or about July 10, 1940.

It appears that appellant was, in fact, made sick through inhalation of this excessive gas at the time he claimed to have suffered the accident, but it also appears that in a few hours he returned to work; that no notice of any accident was given to the appellee, though it may be said, appellee through its agent or agents knew of the incident by which appellant was made sick for a few hours, and when he complained of inhaling too much gas while working inside the tank in question. Nothing more was said or done indicating that appellant would claim this to have been an accident upon which he would base a claim; he continued to work as usual, and no serious illness was noted or reported by appellant until some six months thereafter when he became ill and grew, steadily, worse.

Appellee answered the claim filed, admitting the employment of plaintiff at the time he claims to have been gassed, and that appellant is now totally disabled, but denying that the disability from which he complains resulted from any accident within the meaning of the Compensation Act. Upon trial to the court the issues were resolved against appellant and findings of fact and conclusions of law were made by the court holding that appellant suffered no accident while in the employ

Lee R. York, of Hobbs, for appellant.

Don G. McCormick, of Hobbs, for appellees.

MABRY, Justice.

This case arises upon assignments of error attacking the findings and judgment of the trial court in denying appellant compensation under the Workmens' Compensation Act, Comp.St.1929, § 156-101 et seq. Appellant claims to have suffered an accident in the course of his employment with appellee company through inhalation of an excessive amount of gas while cleaning out

of appellee and that he had not connected his disability with such inhalation of gas.

The court made the following findings of fact:

1. That on July 10, 1940, J. E. Henderson, claimant, was in the employ of Texas-New Mexico Pipe Line Co.; that he was on the said date engaged in a hazardous occupation within the meaning and purview of the Workmens' Compensation Laws of the State of New Mexico, at the salary of $28.00 per week.

2. That the said time, and all times material to this case, the employer aforesaid, carried Workmens' Compensation Insurance with the Maryland Casualty Company under the laws of the State of New Mexico, which insurance covered all the employees of the said Texas-New Mexico Pipe Line Company, including the said James E. Henderson.

3. That on July 10, 1940, the claimant was engaged in cleaning a 500 barrel oil tank and was working in a crew of three other men and a foreman. At about 11 o'clock on such date, the claimant, together with other members of the crew inhaled an excessive amount of gas; that the claimant and other members of the crew advised H. E. Gibson, the foreman of the crew, that the gas in the tank was too strong and that they could not continue to work in it and, after personal investigation the foreman thereupon ordered work to cease on this particular tank and instructed the crew to report at another tank at 1 o'clock, P.M., and told the claimant to go home to lunch and come back to work if he felt like it. That the claimant and other members of the crew did commence work on the other tank at about 1 o'clock, P.M., and worked the balance of the day without further incident.

4. That the claimant thereafter continued his regular work consisting at times of cleaning tanks and other related work until January 31, 1941, when he became severely ill.

5. That claimant did not advise the foreman or any other of his superiors that he was injured or was ill until about January 31, 1941, and gave no notice written or otherwise, of any accident except what he told H. E. Gibson, and what Gibson learned from personal investigation of July 10, 1940, relative to the gas in the tank being too strong.

6. That the claimant had been doing similar work for a number of years and had, on several occasions, cleaned out tanks.

7. From January 31, 1941, to about June 15, 1941, the claimant appeared to be suffering from asthma; from about June 15, 1941 to the date of the trial the claimant appeared to be suffering from a heart ailment.

8. That here is no causal relation between the inhalation of gas by the claimant on July 10, 1940, and the asthmatic condition heretofore suffered by claimant and there is no causal relation between such inhalation of such gas and claimant's present condition and that the inhalation of such gas did not cause the claimant's disability.

9. That the evidence is insufficient to establish that the illness of the claimant is due to the excessive inhalation of gas.

10. That since January 31, 1941, claimant has been totally disabled from following gainful employment, and is so disabled at this time, but the permanency is not determined.

11. That said J. E. Henderson had suffered no disease or disability prior to the said accident and injury.

Appellant assigns error and discusses the questions raised under five points. As a matter of fact these assignments can all very appropriately be grouped and discussed under one point. All error urged is against the findings made by the court in support of its judgment, or against the court's refusal to make findings in support of appellant's position.

We want first to observe that counsel for appellant apparently mistakes the purpose of the rule requiring a Statement of Facts in the brief. He has, erroneously, stated his own case and set out some facts, but all in a light most favorable to him. He attempts a brief review of the evidence, as it were, and significantly, only that part most favorable to his contention is referred to. This treatment should properly be reserved for that portion of his brief embodying the argument.

This requirement of our rules seems to have misled many attorneys into assuming that this is an appropriate place to review testimony in a light most favorable to their contention. Chief Justice Brice of our court, in a paper read before the annual meeting of the State Bar at Roswell, in October, 1941, in the course of offering suggestions regarding appellate procedure, referred to the erroneous methods employed by many attorneys who seemed to assume they must review the testimony in this favorable light when they come to set out a "Statement of Facts."

The Statement of Facts required by the rule is intended to aid the court and counsel in determining, at the outset, through a brief and concise statement, the question or questions at issue, and the appraisal of the facts and disposition of the issues, by the trial court. Ordinarily, and except under certain circumstances, the testimony should not be reviewed at all under this head, and never, of course, with an emphasis against the court's findings and conclusions.

It has been suggested also, by appellee, that Section 6 of Rule XV, Supreme Court Rules, has been violated by appellant in that he fails to set out and state in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript, in support of his contention that the findings of fact are not supported by substantial evidence. It is true that appellant has not observed the rule, exactly, in this respect. He does not set out the substance of all evidence, bearing upon the proposition, although it might be said that he has omitted none of it favorable to his position. Counsel for appellee has, in his brief, aided in clarification, and recourse to the record

has given us additional aid. We cannot say that appellant's challenge to the evidence should, under the particular circumstances, be ignored, although a strict adherence to the rule might so require. Yet, because of the simplicity of the question at issue, and its importance to the parties, we pass the question of rule violation, if it be that in fact, to consider the case upon its merits.

██ Assuming, as the parties seem to, but without deciding, that the inhalation of the excessive amount of gas was a compensable accident, we then have left the simple, well defined question whether such inhalation caused the disability complained of. The trial court found that it did not. Appellant thinks the answer should have been in the affirmative. We find substantial evidence to support the trial court's findings of fact, and such findings cannot, therefore, be disturbed.

Four doctors testified upon the trial of this case, some for the claimant Henderson, and others for appellee Company. Appellant searches the record and lifts therefrom certain statements found in some of the medical testimony, and relies upon this in support of his contention. There is substantial evidence found in other statements of these same witnesses, as well as in that of other medical testimony which supports the position of appellee and the findings of the court.

██ We are committed to a liberal construction of our Workmen's Compensation Act in favor of the workman, and we have said that the injury need not result momentarily in order to be accidental; that the "unintentional result of an intentional act of the person injured" is an accident within the meaning of the statute. Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342. Yet, as a basis for recovery some relationship between the accident relied upon and the injury suffered must be established. It cannot rest upon mere speculation. In the opinion of the trial judge, as reflected by his findings, this relationship was not established.

We do not believe it necessary to quote extensively from the testimony in explanation of our appraisal thereof, although something might be said in this connection. Counsel do not agree upon the cause of the illness from which appellant was suffering from January, 1941, and which still, at the time of trial, wholly disabled him. But, the doctors likewise disagree. It seems that one or more of the doctors called on behalf of appellant was uncertain as to the nature, as well as the cause, of the illness. One witness, Dr. Terrell, testified that he did not know from what ailment he suffered, but that obviously there was something "wrong" with the appellant. He could not define the ailment but said it might have been caused by the gas itself, or that the gas might have aggravated a condition that was pre-existing. Apparently appellant had trouble with his heart; and there had been present, a part of the time at least, an asthmatic condition since

the inhalation of the gas. The patient presented to the doctors, or at least to two of them, something of a medical enigma, it may be said.

Some of the objective symptoms described were the unnatural beats of, and sounds in, the heart; the peculiar and slow eye reactions, poor muscle tone and unequal blood pressure of the two arms. Other testimony is to the effect that appellant had fibroid tuberculosis. And, there is a suggestion that this may have been caused or aggravated by the gas inhaled. One doctor testified that inhalation of gas on July 10, 1940, and some six months earlier than the date when appellant was taken seriously ill, could not have been the cause of the illness complained of. He stated that gas so inhaled is ordinarily eliminated from the body within a matter of hours, or that there occurs an immediate and definitely acute reaction therefrom—that it is altogether unlikely that months would elapse before the effects would be thus noticed. There is ample testimony, including medical, to support the court's findings.

Finding no error, the judgment is affirmed, and, it is so ordered.

BRICE, C. J., and SADLER and BICKLEY, JJ., concur.

ZINN, J., did not participate.