215 P.2d 602

**PARR et al. v. NEW MEXICO STATE HIGHWAY DEPARTMENT et al.**

No. 5215.

Supreme Court of New Mexico.
March 2, 1950.

128

Simms, Modrall, Seymour & Simms, Albuquerque, Joseph E. Roehl, Albuquerque, for the Insurer-appellant.

W. T. O'Sullivan, Albuquerque, Joseph L. Smith, Albuquerque, for appellee.

PER CURIAM.

Upon consideration of motion for rehearing, the former opinion is withdrawn and the following substituted therefor:

COMPTON, Justice.

Harriette Campbell Parr instituted this suit in the district court of Bernalillo County, under the Workmen's Compensation Act, to recover compensation for the death of her husband, Clarence Allen Parr.

Appellee alleges that the deceased as a project engineer for the New Mexico Highway Department was on call 24 hours daily and that his employment created the necessity for travel by automobile furnished by his employer. She also alleges that the deceased sustained fatal injuries in an automobile accident arising out of and in the course of his employment. The employer, New Mexico State Highway Department, answered denying liability and moved to dismiss the claim because the action was against the State, and the State not having consented thereto, was not maintainable. The motion being denied said employer joined with the insurer in its answer. The insurance company answered, denying liability, and set up as defenses, (a) that the injuries sustained by the deceased were not incurred in the course of his employment; (b) that the injuries were sustained while the deceased was on his

own business and pleasure; and (c) that the injuries were occasioned by the intoxication of the deceased.

The applicable provision of the Workmen's Compensation Law is Sec. 57-912, sub-section (l), which reads: "The words 'injuries sustained in extra-hazardous occupations or pursuit,' as used in this act (§§ 57-901, 57-931) shall include death resulting from injury, and injuries to workmen, as a result of their employment and while at work in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere while at work in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence."

Appellant contends that the deceased came within the latter provision of said subsection, to-wit: "* * * but shall not include injuries to any workman occurring while on his way to assume the duties of his employment or after leaving such duties, the approximate cause of which injury is not the employer's negligence", and that in the absence of negligence of the employer, proximately causing the injuries, appellee did not come within the terms of

the Workmen's Compensation Act. On the other hand, appellee relies upon that part of said subsection, which reads: "* * * while at work in or about the premises occupied, used or controlled by the employer, and injuries occurring elsewhere while at work in any place where their employer's business requires their presence and subjects them to extra-hazardous duties incident to the business, * * *."

The cause was tried to the court without a jury, and from a judgment for the claimant, the insurer alone appeals.

The findings of fact, necessary to a decision, are:

"4. The plaintiff's deceased husband, Clarence Allen Parr, was on call twenty-four hours daily in his employment by the defendant, New Mexico State Highway Department, as a project engineer in road construction work on the La Plata job, the Bloomfield job and others, near the Bloomfield Camp in San Juan County, New Mexico.

"5. The deceased employee sustained fatal injuries in an accident arising out of and in the course of his employment on October 24, 1947.

"6. The deceased employee's death resulted from accident and said accident occurred during his hours of work, and at a place where his duties required him to be or where he was properly traveling in

furtherance of the performance of such duties."

"8. The deceased employee's employment as a project engineer for the defendant, New Mexico State Highway Department, created the necessity for travel by automobile furnished by said employer, the operative expense of which was paid by the employer.

"9. The automobile which was furnished the deceased employee by his employer was mechanically defective in that the hood covering the engine was dangerously insecure, and the windshield was so badly pitted that visibility through the same was obscured, and the deceased employee's fatal injuries were not shown to have been caused otherwise than by the occurrence or concurrence of these defects in the vehicle supplied by the employer as aforesaid. Said automobile was involved in the accident which caused the employee's death."

"11. The deceased employee's duties required him to inspect construction work then in process of completion near the point where he was killed.

"12. The deceased employee's duties required him to inspect roads under construction to see that flares or lights were properly placed on the highway by the contractor doing the work, to warn motorists, including the road on which he was traveling at the time of the fatal accident."

The deceased had been with the New Mexico State Highway Department for many years. When he sustained the injuries, he was project engineer engaged on the La Plata project, the Bloomfield project and other construction work near Bloomfield, New Mexico. He was not required to observe fixed hours. He traveled from job to job in an automobile furnished and with traveling expenses paid by the employer.

The nature of the project engineer's duties are such that he must maintain frequent contact with the contractor to discuss with him the progress of the work and the manner in which it should be done. The construction engineer of state highway department, in immediate supervision of deceased's work, described some of the duties of project engineer as follows: "A. Well, we specify that the contractor shall put out flares, barricades, and so forth, to protect the traveling public at night from any damage that they might get from the work he is doing, and it is the project engineer's duty to know that those things are being done, those protective methods, and so forth."

The surviving wife of the deceased and one of the plaintiffs in the case, who had lived in camp with him, told of his ordinary daily activities while on the job, in the following language: "A. I would say from my experience, and living in camp

with him, he was on duty at any hour. If there was a heavy storm, rain storm, or if they had a twenty-four hour shift and the contractor was working, he might be out there all night, and all hours of the day. If there was a storm he was out to see that the people got through all right. I know many times he took his pick-up and went out when there was a storm."

On the very night in question, only a few hours before the accident which resulted in his death, upon arriving at the Bloomfield camp from an official visit to state highway department in Santa Fe, the deceased advised one of the employees on the job of his intention to call that night on the foreman in charge of the La Plata job to ascertain when they were going to start the bridge job. It would be necessary to pass through Farmington to visit the La Plata job. Flares were maintained at each end of construction work on that job. It was his duty to see that highways under construction or repair were safe for the traveling public. We think it was not unreasonable for the court to conclude the deceased was in the course of his employment at the time he received the injuries resulting in his death. McKinney v. Dorlac, 48 N.M. 149, 146 P.2d 867; Southwestern Portland Cement Co. v. Simpson, 10 Cir., 135 F.2d 584; Doyle's Case, 256 Mass. 290, 152 N.E. 340; Souza's Case, 316 Mass. 332, 55 N.E.2d 611; Dauphine v. Industrial Accident Commission, 57 Cal. App.2d 949, 135 P.2d 644. The mere fact that while in Farmington, his presence there occasioned by the announced purpose of visiting the La Plata project, he called on his desperately ill father at the hospital a few hours before the latter's death the following morning, would not deny his trip character as in the course of his employment, if in fact, as the court's finding implies, he had resumed travel on the journey which occasioned the trip. Dauphine v. Industrial Accident Commission, supra.

That the automobile was faulty mechanically is not questioned. It was unsafe, to say the least. On several occasions it had to be towed in for mechanical repairs. By long use on construction work the windshield had become pitted, evidently marring visibility. The hood was not securely fastened. On one occasion it raised up in such manner as to obstruct vision of the highway. And the trial court expressly found that "the deceased's fatal injuries were not shown to have been caused otherwise than by occurrence or concurrence of these defects in the vehicle supplied by the employer as aforesaid."

Appellant strongly urges that the deceased was intoxicated and that his injuries were occasioned thereby. The deceased was fatally injured about 9:45 P.M., October 24, 1947. His body, with neck broken, was found soon thereafter near the

132

wrecked automobile beside the highway. There is evidence that he was intoxicated and that he had been drinking excessively the day of the injury, beginning at some time prior to 1:30 o'clock in the afternoon. Several witnesses testified that he was intoxicated, while other witnesses testified that he was not intoxicated. When he appeared at his road camp, around 6:00 o'clock the evening of the injury, he did not appear to be intoxicated. He talked with his wife, in Albuquerque, by phone about 8:00 P.M. He also tried to communicate with his immediate employer, in Albuquerque, about 9:00 P.M. The purpose of the call to his employer is not known but there is evidence that a new construction job was pending and that stakes were to be set for construction crews the following morning. Thus, it is seen that the judgment is grounded upon conflicting evidence. Upon appeal the conflict should be resolved in favor of the judgment. Sundt v. Tobin Quarries, Inc., 50 N.M. 254, 175 P.2d 684, 169 A.L.R. 586; Henderson v. Texas-New Mexico, Pipe Line Co., 46 N.M. 458, 131 P.2d 269. Where a statute expressly permits intoxication as a defense, evidence of actual intoxication as the cause of the injury must be shown.

Appellant is charged with a two-fold burden, that of proving intoxication, and that intoxication was the cause of the injury. It is evident that the trial court disbelieved the evidence of intoxication, so that defense failed. Whether the deceased was intoxicated, like other factual questions, was to be determined by the trial court and its findings being supported by substantial evidence are binding on this court. Wilson v. Williams, 43 N.M. 173, 87 P.2d 683; Southwestern Portland Cement Co. v. Simpson, supra; Traders & General Insurance Co. v. Scott, Tex.Civ. App., 189 S.W.2d 633; Parks v. Maryland Casualty Co., 69 Ga.App. 720, 26 S.E.2d 562; S. Rosenbloom, Inc. v. Willingham, Md., 59 A.2d 311; Sundt v. Tobin Quarries, Inc., supra; State v. Sisneros, 42 N.M. 500, 82 P.2d 274.

Appellant complains of the court's refusal to make numerous findings of fact requested by them, particularly that the injury of the employee was occasioned by intoxication, therefore not compensable under the act. The findings were amply supported by substantial evidence and the requested findings being in conflict therewith, were properly refused. Bezemek v. Balduini, 28 N.M. 124, 207 P. 330. And, the court having found that the injuries arose out of and in the course of the employment, it was not required to make express findings negativing the contentions of appellant that the deceased was intoxicated. Napoleon v. McCullough, 89 N.J.L. 716, 99 A. 385.

In the lower court the insurer contended that its obligation was only that

of indemnifying the employer against loss and since the State had not consented to be sued, no recovery could be had against the insurer. As has been said, the State did not appeal from the ruling and the contention has been abandoned by the insurer in this court. That the State cannot be sued without legislative consent is well settled. State ex rel. Del Curto v. District Court, 51 N.M. 297, 183 P.2d 607; New Mexico State Highway Department v. Bible, 38 N.M. 372, 34 P.2d 295. But this question is beside the point. The policy was taken out pursuant to statutory authority, Sec. 58-217, 1941 Comp., and appellant having consented thereto, is bound thereby. It is of no consequence that the insurer may have delivered a form of policy applicable only to individual employers.

Attorneys fees have been determined by the trial court. Appellee now seeks additional fees for her attorneys in representing her on appeal. The trial court allowed attorneys fees of $800 and we believe that an additional fee of $700 would be reasonable for their services here.

The judgment against the state is void and will be set aside. The judgment against the insurer is affirmed and it is so ordered.

BRICE, C. J., and SADLER and LUJAN, JJ., concur.

McGHEE, J., dissents.

McGHEE, Justice (dissenting).

In my opinion the trial court erred in refusing to find that the proximate cause of Parr's death was his driving an automobile while intoxicated. I dissent.